Opinion by
 

 Spaulding, J.,
 

 Fred W. Nahodil, appellant, appeals from the denial by the Quarter Sessions Court of Northumberland County of his request for a hearing under the Post Conviction Hearing Act.
 

 In December, 1957 appellant was sentenced to serve concurrent terms in a state correctional institution after entry of guilty pleas on two indictments for burglary. On March 28, 1966 he filed a petition
 
 [1]
 
 under the Act seeking release from custody on the sentences, which the court below dismissed on May 3, 1967 without a hearing.
 

 In support of his request for a hearing appellant alleges the following grounds: (1) failure to advise him of his right to remain silent or of his right to counsel before he signed confessions; (2) failure to provide him with counsel at the preliminary hearing; (3) failure to provide him with counsel sufficiently prior to his arraignment for adequate preparation of a defense; and (1) appointment of counsel who was also appointed to represent a co-defendant.
 

 
 *79
 
 There is little need to reiterate either the words or spirit of Section 9 of the Act, which provides that a hearing may be denied only if the claims are patently frivolous
 
 and
 
 without a trace of support
 
 either
 
 in the record
 
 or
 
 from other evidence submitted by the petitioner. It is not difficult to infer from these words the legislative intent that petitioners under the Act be given every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing.
 

 Appellant Nahodil contends that, in addition to the above enumerated allegations, he is entitled to an evidentiary hearing because counsel designated for his defense was appointed by the court after his guilty pleas were recorded. If this is actually the case, and it does appear to be corroborated by the record, he is entitled to an evidentiary hearing. The court below, citing
 
 Commonwealth ex rel. Manning v. Rundle,
 
 422 Pa. 297, 299, 220 A. 2d 814 (1966), and
 
 Commonwealth ex rel. Smart v. Myers,
 
 424 Pa. 315, 316, 227 A. 2d 831 (1967), stated, “[Petitioner’s] guilty pleas . . . while represented by counsel are confessions of guilt . . . and also constitute waivers of all nonjurisdictional defects and defenses. . . .” This is an accurate statement of the law but does not apply to the instant case if, in fact, the guilty pleas were entered before the appointment of counsel. The very fact that the record can appear questionable on this point mandates an evidentiary hearing.
 
 [2]
 

 The record is remanded for proceedings not inconsistent with this opinion.
 

 [1]
 

 Subsequently amended April 29, 1966 and May
 
 24,
 
 1966.
 

 [2]
 

 We were unimpressed with the workmanship exhibited in appellant’s brief, and cannot help but conclude that much of the work was done by the appellant himself and not by counsel appointed for this appeal by the court below.