Opinion by
 

 Hannum, J.,
 

 This is an appeal from an order dismissing the appellant’s petition under the Post Conviction Hearing Act without a hearing. The petitioner had been arrested in New York State on February 21, 1961, and had waived extradition to Pennsylvania. He alleges that he was interrogated continuously from 6:00 P.M. until 4:00 A.M. of the following morning without food or rest and without being warned of his right to remain silent or his right to counsel. At his trial on March 3, 1961, he entered a plea of guilty but he alleges that it was unlawfully induced.
 

 The petitioner was sentenced to a term of 5 to 20 years for burglary and larceny. After serving his minimum term he was released on parole but was subsequently recommitted as a technical parole violator.
 

 It has been held in many cases that a plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects:
 
 Commonwealth v.
 
 Hill, 427 Pa. 614, 235 A. 2d 347 (1967), and cases cited.
 

 Since the petitioner entered a plea of guilty, the only issues open to him would be the validity of the sentence or proof that his guilty plea was unlawfully induced:
 
 Commonwealth v.
 
 Stokes, 426 Pa. 265, 232 A. 2d 193 (1967). He has raised this issue in his petition and under section 9 of the Post Conviction Hear
 
 *562
 
 ing Act of January 25, 1966, P. L. (1965) 1580, 19 PS §1180-9, he is entitled to a hearing thereon unless the claim “is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.”
 

 Since the petitioner’s allegation that his plea was unlawfully induced cannot be refuted by the record, it follows that the court below should have afforded him a hearing to present evidence upon that issue.
 

 Attention is called to the case of
 
 Commonwealth v.
 
 Jones, 428 Pa. 208, 236 A. 2d 521 (1968), which holds that for the purposes of such a hearing and the preparation thereof, the petitioner must be provided with the assistance of court appointed counsel.
 

 The record is remanded to the court below with instructions to appoint counsel and to hold an evidentiary hearing in order to determine whether appellant’s plea of guilty was unlawfully induced.
 

 Order vacated and record remanded.