333 A.2d 868
**COMMONWEALTH of Pennsylvania**
v.
**Roberto Santiago LABOY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 27, 1974.

Decided March 18, 1975.

468

---

William C. Haynes, Lancaster, for appellant.

D. Richard Eckman, Dist. Atty., Louise G. Herr, Joseph C. Madenspacher, Asst. Dist. Attys., Lancaster, for appellee.

Before JONES, C. J. and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant was found guilty of murder in the second degree by a judge sitting without a jury. A direct ap-

peal was taken to this Court alleging that appellant was not effectively represented by trial counsel. The order of the court below was affirmed at 440 Pa. 579, 270 A.2d 695 (1970). Subsequently, on March 10, 1972, an order from the United States District Court was filed dismissing a petition for habeas corpus.

Following the denial of appellant's petition to the United States District Court, an uncounselled Post Conviction Hearing Act petition was filed in the court below alleging that appellant was not effectively represented by counsel on his direct appeal to this Court. Appellant's petition was dismissed without a hearing.

Appellant now asserts in this Court that it was error for the court below to dismiss his post conviction petition without a hearing on the issues presented in that petition. The Post Conviction Hearing Act clearly states that the court may deny a hearing if petitioner's claim is patently frivolous and is without a trace of support either in the record or from the evidence submitted by the petitioner. Act of January 25, 1966, P.L. (1965) 1580, § 9, 19 P.S. § 1180–9 (Supp.1974–75). Further, "[t]he appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record as provided by section 9 of the act." Act of January 25, 1966, P.L. (1965) 1580, § 12, 19 P.S. § 1180–12 (Supp.1974–75). Thus, if the petition of appellant was patently frivolous, it was not erroneously dismissed.

Appellant asserted as fact in his petition, *inter alia*: "(6) That [appellate counsel] did no separate research on his own and in fact filed the exact appellate Brief that [trial counsel] had previously prepared,* (7) Petitioner had a Supplimental [sic] Brief of which [appellate counsel] refused to file."

---

* Trial counsel was permitted to withdraw from the direct appeal because an issue to be presented to this Court was trial counsel's ineffective representation.

In his opinion dismissing the petition, the judge below erroneously assumed that appellant was attempting to relitigate an issue which had previously been litigated in this Court on direct appeal. However, our earlier consideration of the case dealt with the ineffective assistance of *trial* counsel. The gravamen of this PCHA petition was the ineffective assistance of *appellate* counsel.

The scope of what is patently frivolous is delineated by reference to what it is not. Section 9 of the PCHA states that "[i]f a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing . . . ." We have reiterated this criterion for the granting of a hearing in many cases. *See, e. g., Commonwealth v. Stull,* 439 Pa. 20, 266 A.2d 477 (1970); *Commonwealth v. Johnson,* 431 Pa. 522, 246 A. 2d 345 (1968); *Commonwealth v. Walters,* 431 Pa. 74, 244 A.2d 757 (1968); *Commonwealth v. Williams,* 428 Pa. 402, 239 A.2d 311 (1968).

██ In borderline cases, the emphasis must necessarily be in favor of the grant of a hearing:

"There is little need to reiterate either the words or spirit of Section 9 of the Act, which provides that a hearing may be denied only if the claims are patently frivolous *and* without a trace of support *either* in the record *or* from other evidence submitted by the petitioner. It is not difficult to infer from these words the legislative intent that petitioners under the Act be given every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing." *Commonwealth v. Nahodil,* 212 Pa.Super. 77, 79, 239 A.2d 840 (1968).

Thus, if a court is not certain of the patent frivolousness of an issue in a post conviction petition, it is required to grant a hearing on the issue.

██ Our review of the constitutional claim of ineffective assistance of counsel is governed by the standards of

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967):

> "Our task in cases of this nature therefore encompasses both an independent review of the record, see *Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A.2d 236 (1967), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonble basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

*See also Commonwealth v. Taylor*, 449 Pa. 345, 296 A.2d 823 (1972); *Commonwealth v. Ward*, 442 Pa. 351, 354, 275 A.2d 92, 94 (1971).

■ The fact that second appellate counsel duplicated the brief written by the first appellate counsel does not, by itself, mean that the second appellate counsel was ineffective. The trial judge can review the record, including the appellate brief submitted by counsel, and find that the advocacy of appellate counsel was adequate.

■ It is alleged fact (7), *supra* page 869, which causes the most concern. Is appellate counsel derelict in his representation if he refuses to present to the Court on appeal issues which the appellant feels are meritorious? We may review the record to determine whether there was any reasonable basis for limiting the appeal to one or two substantial issues while ignoring all other issues either considered by the attorney or pressed by the client. If, in view of the reasonable alternatives, the appellate advocate had any rational basis for restricting the appeal to the one or two issues chosen, then he has performed as an effective counsel and it matters not that he

rejected other issues whether gathered from his own research or advanced by the client.

However, any independent review would be incomplete in this instance. We do not know what issues were advanced by the appellant in his alleged supplemental brief since these matters are not of record and were not enumerated in the petition. Since we do not know what counsel's choice of alternatives were, we cannot judge whether he had any rational basis for his choice to limit the direct appeal to the two issues actually raised. What we have here in the final analysis is lack of particularity in the post conviction petition. The appellant, who prepared his own petition, must be given leave to amend his petition with the assistance of counsel so that appellant may allege sufficient facts regarding his supplemental brief which will apprise the court of the full nature of his complaint. *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967). *Cf.* Act of January 25, 1966, P.L. (1965) 1580, § 5 as amended, 19 P.S. § 1180–5 (Supp.1974–75). If the amended petition is not patently frivolous, appellant will be entitled to an evidentiary hearing.

The order of the lower court is vacated and the record is remanded for further proceedings consistent with this opinion.