406 A.2d 1077

**COMMONWEALTH of Pennsylvania,**

v.

**Clyde McCALL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Decided June 28, 1979.

352

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

SPAETH, Judge:

On October 21, 1976, appellant pleaded guilty to charges of armed robbery. On December 15, 1976, he was sentenced to three to ten years in prison, consecutive to a sentence he

was currently serving. No petition to withdraw the plea was filed, and no appeal was taken. On July 20, 1977, appellant filed a petition under the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580 *et seq.*, 19 P.S. § 1180–1 *et seq.*, (Suppl., 1978). Counsel was appointed to represent appellant. The petition was denied without a hearing on September 9, 1977, and this appeal followed.

Although neither brief has raised the issue, we must ask whether appellant has waived his claims to relief. This case bears a strong resemblance to *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978). There, on similar procedural facts, this court held that the claim of an unlawfully induced guilty plea was not waived, despite the failure to file a petition to withdraw or to take a direct appeal, because the petition alleged ineffective assistance of counsel. *See also, Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976) (where petition alleges that trial counsel, with whom petitioner consulted concerning feasibility of appeal, has been ineffective, and where trial counsel has not taken a direct appeal, question of trial counsel's ineffectiveness has not been waived);[1] *Commonwealth v. Palmer*, 264 Pa.Super. 165, 399 A.2d 718 (1979).

In *Commonwealth v. Strader, supra*, the petition alleged that the appellant's plea had been unlawfully induced because in addition to failing to investigate a defense and failing to move to suppress an identification, counsel "persistently advised Petitioner that a deal for '3 to 8 was better than 10 to 20' and that he should enter a guilty plea on pragmatic grounds rather than on grounds of innocence or guilt." *Id.*, 262 Pa.Super. at 175, 396 A.2d at 702. This court remanded for an evidentiary hearing, saying:

> Upon an examination of the record before us, we cannot say that appellant's claims are patently frivolous or without support on the record. Even though the Commonwealth disputes appellant's allegations and *even though*

1. While there is no evidence here that appellant consulted with trial counsel about the feasibility of an appeal, it is counsel's duty to initiate such a discussion if counsel sees an appealable issue.

*appellant stated at his guilty plea colloquy that his plea was not induced by anything other than the sentence agreement* and that he was satisfied with the representation he received from his counsel, the record does not clearly refute appellant's claim that his plea was unlawfully induced. *See Commonwealth v. Knapp,* 212 Pa.Super. 560, 562, 243 A.2d 179, 180 (1968). Our courts have previously determined that in borderline cases petitioners are to be given "every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing." *Commonwealth v. Nahodil,* 212 Pa.Super. 77, 79, 239 A.2d 840, 840 (1968). *See also Commonwealth v. Laboy,* 460 Pa. 466, 470, 333 A.2d 868, 870 (1975).

*Id.* (emphasis supplied).

Similarly, appellant here was entitled to an evidentiary hearing. *Commonwealth v. Yocham,* 473 Pa. 445, 375 A.2d 325 (1977). He alleges in his petition that trial counsel promised him that he would get a sentence of 2½ to 5 years, rather than the three-to-ten year sentence he did receive. If at the hearing appellant can prove this alleged guarantee, then his guilty plea would not have been intelligent, and appellant should be given the opportunity to withdraw his plea and proceed to trial. On the other hand, if at the evidentiary hearing the court finds that there was no such guarantee, appellant's petition should be denied.[2]

Reversed and remanded for proceedings consistent with this opinion.

MONTGOMERY, J., concurs in the result.

HESTER, J., files a dissenting statement.

**2.** Read generously, appellant's allegation of ineffectiveness not only alleges that counsel was ineffective in making a guarantee, but also that counsel was ineffective in estimating what the sentence might be. If counsel made a guarantee, appellant is entitled to relief on that basis. However, on the question of whether counsel was ineffective in arriving at his estimate, we hold that appellant is not entitled to relief. On its face, an estimate of 2½ to 5 years is not so out of line with an actual sentence of 3 to 10 years as to indicate that counsel had no reasonable basis designed to further appellant's interests in coming to his estimate. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

HESTER, Judge, dissenting:

I dissent. The extensive and detailed colloquy more than conforms to the requirements as outlined in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). The material covered in said colloquy plus the appellant's criminal record convince me that his plea was knowingly and intelligently made and there was no ineffectiveness of counsel. I would affirm on the Opinion of Judge Lipsitt of the court below.