406 A.2d 1081

**COMMONWEALTH of Pennsylvania**

v.

**William Donald REIDER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Decided June 28, 1979.

Bruce D. Foreman, Harrisburg, for appellant.

Richard A. Lewis, Chief Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order denying relief under the Post Conviction Hearing Act.[1]

On March 14, 1978, appellant pleaded guilty to charges of indecent assault, rape, and involuntary deviate sexual intercourse. On May 8, 1978, he was given concurrent sentences of one to two years for indecent assault and eight to twenty years for rape and involuntary deviate sexual intercourse. At the time that he entered his guilty pleas and at sentencing appellant was represented by private counsel. Appellant did not file a petition to withdraw his guilty pleas, and he did not appeal his sentences.

On June 6, 1978, appellant filed a *pro se* PCHA petition, alleging that his guilty plea counsel had been ineffective and incompetent in that he had lied to appellant and unlawfully induced him to plead guilty. The lower court appointed counsel from the Dauphin County Public Defender's Office to represent appellant on his PCHA petition. On June 7 counsel filed a petition for reconsideration of appellant's sentences. This petition was denied on June 12. On June 29 counsel filed an amended PCHA petition, alleging that appellant's guilty plea counsel had been ineffective in that he had misled appellant into pleading guilty by assuring him that he would receive the same sentence from the Dauphin County Court as he had received from the Cumberland County Court on similar charges—five to ten years. The petition further alleged that appellant's guilty plea counsel had been incompetent in failing to exercise his rights to discovery under Rule 305 of the Pennsylvania Rules of Criminal Procedure and that had he done so certain pre-trial motions could have been filed. The petition requested that appellant be permitted to withdraw his guilty pleas. On July 24 the lower court denied this petition without a hearing.

No appeal was taken from this denial. Instead, on August 14, 1978, appellant filed a second, *pro se*, PCHA petition,

1. Act of Jan. 25, 1966, P.L. 1580, §§ 1–14, 19 P.S. §§ 1180–1—1180–14 (Supp. 1978–79).

alleging that his PCHA counsel had been incompetent and ineffective. One allegation was that there existed a conflict of interest between the appellant and the Public Defender's Office because appellant had been a suspect in an incident involving the Chief Public Defender's Secretary and the Defender's Office had conducted an investigation of appellant. Another allegation was that PCHA counsel had never consulted appellant in preparing the amended PCHA petition and had therefore failed to include appellant's allegations that guilty plea counsel had told several lies to appellant to induce the pleas [2] and had failed to move to suppress certain evidence. On August 15 the lower court denied this petition, without appointing counsel and without conducting a hearing. On September 14 appellant filed the present appeal alleging error in the lower court's dismissal of the second PCHA petition. New counsel was appointed to represent appellant on this appeal.

A failure to file a petition to withdraw a guilty plea or to take an appeal constitutes a waiver of any defects in the guilty pleas unless some extraordinary circumstances are shown. *See Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978); *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978); *Commonwealth v. Sisak*, 249 Pa.Super. 159, 375 A.2d 808 (1977). Here, appellant alleged in his first PCHA petition that his guilty plea counsel was ineffective. Since ineffective counsel represents an extraordinary circumstance, appellant's failure to file a petition to withdraw his guilty pleas or to take an appeal did not have the effect of constituting a waiver of any defects in his guilty pleas. *Commonwealth v. Strader, supra; Commonwealth v. Porter*, 256 Pa.Super. 163, 166 n. 3, 389 A.2d 651, 653 n.

---

2. Among the false statements that appellant alleged his guilty plea counsel made to induce him to plead guilty were that he could not appeal from a jury verdict of guilty; that if he did not plead guilty, the court would give him the maximum possible sentences and order that they run consecutively; that counsel would pick his uncle, Judge William LIPSETT, as sentencing judge; and that the sentences would be concurrent and no more than four to ten years. Appellant also alleged that counsel told him that by pleading guilty he would serve his sentence in the penal institution of his choice.

3 (1978). Accordingly, the lower court was correct when, on June 6, 1978, it appointed counsel to represent appellant, and when it thereafter considered appellant's amended PCHA petition. However, the court erred when it did not hold a hearing before it decided, by its order of July 24, to deny the petition. Section 9 of the PCHA provides:

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

19 P.S. § 1180–9.

In *Commonwealth v. Strader, supra,* this court considered an appeal from an order denying a PCHA petition similar to appellant's amended PCHA petition. In reversing, this court stated:

> The petition alleges *inter alia* that appellant's plea was unlawfully induced because counsel failed to conduct an appropriate investigation or prepare an adequate defense to the charge of rape, counsel failed to move to suppress an identification procured in a suggestive manner, and counsel "persistently advised Petitioner that a deal for '3 to 8 was better than 10 to 20' and that he should enter a guilty plea on pragmatic grounds rather than on grounds of innocence or guilt." Upon an examination of the record before us, we cannot say that appellant's claims are patently frivolous or without support on the record. Even though the Commonwealth disputes appellant's allegations and even though appellant stated at his guilty plea colloquy that his plea was not induced by anything other than the sentence agreement and that he was satisfied with the representation he received from his counsel, the record does not clearly refute appellant's claim that his plea was

unlawfully induced. *See Commonwealth v. Knapp,* 212 Pa.Super. 560, 562, 243 A.2d 179, 180 (1968). Our courts have previously determined that in borderline cases petitioners are to be given "every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing." *Commonwealth v. Nahodil,* 212 Pa.Super. 77, 79, 239 A.2d 840, 840 (1968). *See also Commonwealth v. Laboy,* 460 Pa. 466, 470, 333 A.2d 868, 870 (1975).

Since issues of fact have been raised in appellant's P.C.H.A. petition and since we cannot hold that they are patently frivolous or without support on the record, we reverse the lower court's order dismissing appellant's P.C.H.A. challenge to his guilty plea and remand that part of this case for an evidentiary hearing.

262 Pa.Super. at 176, 396 A.2d at 702 (footnote omitted). Similarly, here it cannot be determined from the record whether appellant's claims are patently frivolous or without support on the record because the record does not clearly refute appellant's claim that his pleas were unlawfully induced by his counsel's false promises or ineffectiveness. *See Commonwealth v. Strader, supra.*

 It follows from these considerations that if appellant had appealed the lower court's order of July 24, this court would have reversed and remanded for an evidentiary hearing. However, appellant did not appeal. Instead, as stated above, he filed, *pro se,* a second PCHA petition. Generally, appellant's failure to file a timely appeal from the order dismissing his first PCHA petition would constitute a waiver of all appealable issues contained in that petition. *See* 19 P.S. § 1180–11. Here, however, appellant alleges in his second, *pro se,* petition that counsel appointed to assist him on his first petition was ineffective. If an appeal had been filed from the order denying the first petition, we would not expect appointed counsel to raise his own ineffectiveness; and even if he did, we could not decide from the present record whether in fact he had been ineffective. Accordingly, we hold that appellant's filing of a second

petition, instead of taking a direct appeal, did not result in a waiver of the claims contained in appellant's first petition.

Appellant's second petition not only repeats the allegations of the first petition but includes additional allegations with respect to the ineffectiveness of his guilty plea counsel. Generally, an allegation will be held waived when it could have been raised in a first petition but was not raised until a second petition. *See Commonwealth v. Sisak, supra.* Again, however, waiver will not be found if the failure to plead the allegation in the first petition is attributable to ineffective counsel. Here appellant has alleged in his second petition that that is the case. Given that allegation, the lower court clearly erred in failing to appoint counsel to aid appellant in his second petition, *see Commonwealth v. Williams*, 437 Pa. 526, 263 A.2d 427 (1970), and in dismissing the second petition without a hearing.

The lower court's order of August 15, 1978, is reversed and the case is remanded for further proceedings. The lower court shall appoint counsel to represent appellant, and shall conduct a hearing at which the court shall consider: first, the allegations in appellant's first petition that guilty plea counsel was ineffective; and second, the allegations in appellant's second petition, as it may be amended, that guilty plea counsel was ineffective, to the extent that the court determines that appellant's failure to include these allegations in his first petition is attributable to the ineffectiveness of appointed counsel who represented appellant on his first petition.[3]

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Lipsett of the court below.

3. We note that appellant's counsel on this appeal might be a logical choice as counsel appointed to represent appellant in these proceedings, since he is not associated either with appellant's guilty plea counsel or with the Public Defender's Office.