429 A.2d 664

COMMONWEALTH of Pennsylvania

v.

Michael C. FARNWALT, Appellant.

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed May 8, 1981.

Bruce D. Foreman, Harrisburg, for appellant.

LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

Appellant, Michael C. Farnwalt, takes this appeal from the lower court's denial, without a hearing, of his Post Conviction Hearing Act (PCHA) petition in which appellant alleged, *inter alia*, that his trial counsel was ineffective in persuading appellant to plead guilty to the charged offenses of theft of services and attempted theft.* In particular, appellant claims that both his counsel and the district attorney promised appellant he would be placed in the work release program if he entered the plea because the offenses were petty. At the time that appellant entered these particular guilty pleas, appellant was on parole for other unspecified charges and appellant contended that his trial counsel knew that appellant would not be eligible for the work release program due to appellant's parole violation. The lower court, in its opinion denying appellant's PCHA petition, pointed to the guilty plea colloquy, in which appellant denied that any promise induced his pleas of guilty, and therefore summarily dismissed appellant's PCHA petition. We find this to be error.

In *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979), we were called upon to decide an appeal based upon similar facts. The petitioner in *McCall*, as in the instant case, had failed to file a petition to withdraw his guilty plea and had failed to take a direct appeal. In *McCall*, citing *Commonwealth v. Strader*, 262 Pa.Super. 166,

---

* The above two charges arose from two separate incidents. The theft of services charge was filed when appellant took a taxi ride and ran off without paying the fare of $2.60. The attempted theft charge was filed against appellant when he was caught trying to break into an automobile with a coat hanger.

396 A.2d 697 (1978), this Court held that the claim of an unlawfully induced guilty plea was not waived, despite the failure to file a petition to withdraw or take a direct appeal, because the petition alleged ineffective assistance of trial counsel, who was the one responsible for filing petition for withdrawal or taking direct appeal. Similarly, we find that this issue has not been waived in the instant case.

In *Commonwealth v. McCall, supra,* the petitioner alleged that his trial counsel promised the petitioner that if he pleaded guilty he would get a sentence of two and one-half to five years, rather than the three to ten year sentence he did receive. In *McCall,* the PCHA hearing court denied the petition at issue without a hearing. This court reversed and remanded for an evidentiary hearing. In our *McCall* opinion, we quoted at length from our earlier opinion in *Commonwealth v. Strader,* 262 Pa.Super. at 174, 396 A.2d at 702, in which we wrote,

"The petition alleges, *inter alia* that appellant's plea was unlawfully induced because counsel failed to conduct an appropriate investigation or prepare an adequate defense to the charge of rape, counsel failed to move to suppress an identification procured in a suggestive manner, and counsel 'persistently advised Petitioner that a deal for "3 to 8 was better than 10 to 20" and that he should enter a guilty plea on pragmatic grounds rather than on grounds of innocence or guilty.' Upon an examination of the record before us, we cannot say that appellant's claims are patently frivolous or without support on the record. *Even though the Commonwealth disputes appellant's allegations and even though appellant stated at his guilty plea colloquy that his plea was not induced by anything other than the sentence agreement and that he was satisfied with the representation he received from his counsel, the record does not clearly refute appellant's claim that his plea was unlawfully induced.* See *Commonwealth v. Knapp,* 212 Pa.Super. 560, 562, 243 A.2d 179, 180 (1968). Our courts have previously determined that in borderline cases petitioners are to be given 'every conceivable legitimate bene-

fit in the disposition of their claims for an evidentiary hearing.' *Commonwealth v. Nahodil*, 212 Pa.Super. 77, 79, 239 A.2d 840, 840, (1968). See also *Commonwealth v. Laboy*, 460 Pa. 466, 470, 333 A.2d 868, 870 (1975)." (footnote omitted). (emphasis added)

As we said in *McCall*, if at the hearing appellant can prove the existence of the alleged guarantee, then his guilty plea would not have been intelligently entered. On the other hand, if at the evidentiary hearing the PCHA court finds that no such guarantee was made by counsel, then appellant's petition should be denied. Accordingly, we reverse and remand for an evidentiary hearing.

Reversed and remanded. This Court relinquishes jurisdiction.