435 A.2d 231

**COMMONWEALTH of Pennsylvania**

v.

**James Calvin PEELE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed Sept. 25, 1981.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant takes this appeal from the lower court's denial of his Post Conviction Hearing Act,[1] hereinafter PCHA, petition without a hearing. For the reasons set forth below, we find that the lower court erred in summarily dismissing appellant's petition, and we reverse and remand for an evidentiary hearing.

Appellant pled guilty to two counts of False Alarms to Agencies of Public Safety[2] on August 26, 1976. No petition to withdraw the plea was filed. He was sentenced to concurrent terms of imprisonment of nine months to three

---

1. Post Conviction Hearing Act, Act 1966, January 25, P.L. 1580 (1965), 19 P.S. § 1180–1 et seq. Repealed 1978, April 28, P.L. 202, No. 53, § 2(a) [1397], effective June 27, 1980, now implemented by Pa.R.Crim.P., Rules 1501 through 1506.

2. 18 Pa.C.S.A. § 4905, 1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

years. No direct appeal was taken. Appellant subsequently filed a PCHA petition alleging that his trial counsel was ineffective, and that his guilty plea was unlawfully induced by his counsel's promise that he would be placed in an alcoholic treatment center, rather than in a correctional facility. The court below dismissed the petition without a hearing stating that the transcript of the guilty plea colloquy refuted the allegations.

We must first address the question of whether appellant has waived his claim for relief by failing to file a petition to withdraw his guilty plea and by failing to take a direct appeal. *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978). In *Strader*, a case similar to the one at hand, we held that such a claim was not waived despite the failure to file a petition to withdraw or take a direct appeal as the PCHA petition alleged ineffective assistance of counsel with regard to the guilty plea. See also, *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979). Appellant, therefore, has not waived his claim for relief.

Appellant claims that his guilty plea was unlawfully induced by his counsel's purported promise that he would not receive a prison sentence, but would be released into an alcoholic treatment center. As noted above, the lower court summarily dismissed this claim, finding that it was refuted by the record of the guilty plea colloquy. We find this to be error.

Even though the Commonwealth disputes appellant's allegations, and even though appellant stated during the guilty pea colloquy that his plea was not induced, the record herein does not clearly refute his claim that the plea was unlawfully induced. *Commonwealth v. McCall*, supra, citing *Commonwealth v. Strader*, supra.

Finding the rational of the *McCall* and *Strader* decisions applicable to the instant case, we reverse the decision of the lower court summarily dismissing appellant's PCHA petition, and remand for a hearing on that petition.

Reversed and remanded. This court does not retain jurisdiction.