444 A.2d 720

**COMMONWEALTH of Pennsylvania**

v.

**James Robert HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1981.

Filed April 16, 1982.

William Costopoulos, Lemoyne, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

Appellant, James Robert Henderson, takes this appeal from the trial court's denial, without hearing, of his Post Conviction Hearing Act (PCHA) petition at which Henderson argued that his trial counsel was ineffective for persuading him to plead guilty to the charge of unlawful possession and delivery of controlled substances. Henderson asserts that he was assured that he could receive "county time" in exchange for his plea. He received a sentence of two to five years imprisonment to be served at a state institution. The trial court in its opinion denying Henderson's PCHA petition relied upon Henderson's statement during the guilty plea colloquy, that no assurances were made to him inducing his guilty plea. No hearing was held on Henderson's PCHA petition. Henderson asserts that a hearing should have been held based upon the allegations raised in his PCHA petition. We reverse and remand for an evidentiary hearing.

First, we must determine whether Henderson has waived his claims to relief. In *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979), we said that a guilty plea was unlawfully induced had not been waived despite the failure to file a petition to withdraw or take a direct appeal because ineffective assistance of counsel was asserted. We have consistently held that such an assertion constitutes an extraordinary circumstance preventing waiver of claims raised in an otherwise defective PCHA petition. *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. Palmer*, 264 Pa.Super. 165, 399 A.2d 718

(1979). Henderson asserts that his trial counsel was ineffective in advising him to plead guilty based upon a guarantee that he would receive county time. We are satisfied that Henderson has asserted an extraordinary circumstance which prevents the issues in his PCHA petition from being waived, even though he failed to file a petition to withdraw his guilty plea or take a direct appeal.

In *Commonwealth v. Farnwalt*, 286 Pa.Super. 559, 561, 429 A.2d 664, 665 (1981), we said:

In *Commonwealth v. McCall*, supra, the petitioner alleged that his trial counsel promised the petitioner that if he pleaded guilty he would get a sentence of two and one-half to five years, rather than the three to ten year sentence he did receive. In *McCall*, the PCHA hearing court denied the petition at issue without a hearing. This court reversed and remanded for an evidentiary hearing. In our *McCall* opinion, we quoted at length from our earlier opinion in *Commonwealth v. Strader*, 262 Pa.Super. [166] at 174, 396 A.2d [697] at 702, in which we wrote;

"The petition alleges, *inter alia* that appellant's plea was unlawfully induced because counsel failed to conduct an appropriate investigation or prepare an adequate defense to the charge of rape, counsel failed to move to suppress an identification procured in a suggestive manner, and counsel persistently advised Petitioner that a deal for "3 to 8 was better than 10 to 20" and that he should enter a guilty plea on pragmatic grounds rather than on grounds of innocence or guilty.' Upon an examination of the record before us, we cannot say that appellant's claims are patently frivolous or without support on the record. *Even though the Commonwealth disputes appellant's allegations and even though appellant stated at his guilty plea colloquy that his plea was not induced by anything other than the sentence agreement and that he was satisfied with the representation he received from his counsel, the record does not clearly refute appellant's claim that his plea was unlawfully induced.* See *Commonwealth v. Knapp*, 212 Pa.Super.

560, 562, 243 A.2d 179, 180 (1968). Our courts have previously determined that in borderline cases petitioners are to be given 'every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing.' *Commonwealth v. Nahodil*, 212 Pa.Super. 77, 79, 239 A.2d 840, 840 (1968). See also *Commonwealth v. Laboy*, 460 Pa. 466, 470, 333 A.2d 868, 870 (1975)." (footnote omitted). (emphasis added)

As we said in *McCall*, if at the hearing appellant can prove the existence of the alleged guarantee, then his guilty plea would not have been intelligently entered. On the other hand, if at the evidentiary hearing the PCHA court finds that no such guarantee was made by counsel, then appellant's petition should be denied. Accordingly, we reverse and remand for an evidentiary hearing.

■ We find the decisions in *Commonwealth v. Farnwalt*, supra, and *Commonwealth v. McCall*, supra, require that we reverse and remand for an evidentiary hearing. See also: *Commonwealth v. Reider*, 267 Pa.Super. 359, 406 A.2d 1081 (1979).[1]

Order reversed, case remanded to the lower court for an evidentiary hearing addressing the issue raised in Henderson's PCHA petition. Jurisdiction is not retained by this court.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. This is not a "borderline case." Appellant's assertion that trial counsel promised him a "county time" sentence in return for a plea of guilty is patently frivolous. Such a promise is contradicted by appel-

---

1. In his dissenting opinion, Judge Wieand cites for authority *Commonwealth v. Brown*, 242 Pa.Super. 240, 363 A.2d 1249 (1976). We do not find that decision to be persuasive any longer. Our decision in *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978), clearly established the procedure to be followed in the instant case. See pages 720 and 721 infra. Thus, we are convinced that to the extent that *Commonwealth v. Brown*, supra, is inconsistent with *Commonwealth v. Strader*, supra, it has been reversed.

lant's express representations to the contrary at the time of the guilty plea colloquy. "A criminal defendant who elects to plead quilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting [or ineffectiveness] of counsel." *Commonwealth v. Brown*, 242 Pa.Superior Ct. 240, 247, 363 A.2d 1249, 1253 (1976).

Because appellant's PCHA assertion is flatly and unequivocally contradicted by his own statements made during the guilty plea colloquy, I would affirm the order dismissing the PCHA petition without a hearing.