449 A.2d 656

COMMONWEALTH of Pennsylvania

v.

Michael J. RUSINKO, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 16, 1981.

Filed Aug. 13, 1982.

Joseph F. Iracki, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, WATKINS and VAN der VOORT, JJ.

CAVANAUGH, Judge:

Appellant Michael J. Rusinko has taken this appeal from the trial court's denial, without a hearing, of his Post Conviction Hearing Act (PCHA) petition. We find that the trial court erred in summarily dismissing appellant's petition and we therefore reverse and remand for an evidentiary hearing.

Appellant pled guilty on September 17, 1979, to one count of indecent assault, one count of escape, and four counts of burglary. Pursuant to a plea negotiation, the Commonwealth *nol prossed* two other charges. No petition to withdraw the guilty plea was filed. On November 1, 1979, appellant was sentenced to consecutive terms of two and one-half to five years imprisonment on two of the burglary charges. Sentence was suspended on the remaining charges. No direct appeal was taken from the judgments of sentence.

The PCHA petition which is the subject of this appeal was filed on September 10, 1980. Appellant has alleged in this petition that his trial counsel was ineffective for failing to file an appeal in spite of appellant's request that he do so and that his guilty plea was unlawfully induced by his counsel's promise that any sentences imposed would run concurrently.[1] After hearing oral argument of counsel on

---

1. New counsel was appointed to represent appellant on this PCHA petition.

October 22, 1980, the trial court dismissed appellant's petition as frivolous and denied a hearing under the PCHA.

 The Commonwealth claims that appellant has waived his right to challenge the validity of his guilty plea. It is true that the validity of a guilty plea should normally be challenged by way of a petition to withdraw the plea or by direct appeal. It is clear, however, that where an appellant also claims ineffective assistance of counsel resulting in denial of appellate rights, he has not waived his right to challenge his plea. Since appellant has alleged that his trial counsel failed to file an appeal after appellant requested him to do so, his right to challenge the guilty plea has not been waived.[2] *Commonwealth v. Henderson*, 298 Pa.Super. 180, 444 A.2d 720 (1982); *Commonwealth v. Peele*, 291 Pa.Super. 84, 435 A.2d 231 (1981); *Commonwealth v. Paige*, 287 Pa.Super. 133, 429 A.2d 1135 (1981); *Commonwealth v. Farnwalt*, 286 Pa.Super. 559, 429 A.2d 664 (1981); *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979); *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978).

 As stated above, appellant claims that his guilty plea was unlawfully induced by his counsel's promise that any

2. We also refuse to find waiver based on an apparent earlier attempt to obtain relief via a PCHA petition. The record does not contain any earlier PCHA petition. Nor does the list of docket entries indicate the filing of any such petition. The record does, however, contain a letter dated December 4, 1979, addressed to the appellant and signed by the trial court judge, in which the judge stated that he was returning the PCHA petition "sent to me in the matter of your recent sentences," because he found it to be frivolous. Appellant mailed from prison on December 20, 1979, a "notice of appeal" to The Superior Court from this "dismissal." The Superior Court docket shows that the "notice of appeal" was filed on January 9, 1980. This court dismissed the appeal as untimely filed on January 18, 1980. The December 4, 1979 letter from which appellant had attempted to take an appeal was not even filed with the lower court prothonotary until January 23, 1980, several days *after* this court had dismissed the appeal. The entries of record certainly indicate a lack of adherence to procedural rules not only on the part of appellant, who was acting pro se, but by the lower court as well. It is impossible for us to even determine what appellant alleged in that "petition". It is clear from the record that no hearing was ever held on the merits of his allegations. It would certainly be unjust for us to find waiver on the basis of this ill-fated attempt to challenge his guilty plea.

sentences imposed would run concurrently. The sentences actually imposed were to run consecutively. Even though appellant stated during the guilty plea colloquy that his plea was not induced by any promises regarding sentencing, the record does not clearly refute his claim that the alleged promise was made. We have held in many cases that under these circumstances, an evidentiary hearing should be held by the PCHA court to determine whether the guilty plea was, in fact, unlawfully induced. *Commonwealth v. Henderson, supra; Commonwealth v. Peele, supra; Commonwealth v. Paige, supra; Commonwealth v. Farnwalt, supra; Commonwealth v. McCall, supra; Commonwealth v. Strader, supra.*

For the reasons stated above, we reverse the order dismissing appellant's PCHA petition and remand with the following instructions. The court should conduct an evidentiary hearing to determine whether appellant did, in fact, request his trial counsel to file an appeal challenging the validity of his guilty plea. If the court finds that he did not make such a request, then it should dismiss the PCHA petition for appellant will have waived his right to challenge his guilty plea. *Commonwealth v. Paige, supra.* If, however, the court finds that appellant did make such a request, then it should permit him to file a motion to withdraw the plea *nunc pro tunc, Commonwealth v. Clark,* 296 Pa.Super. 315, 442 A.2d 786 (1982), and an evidentiary hearing should be held on that motion to determine whether appellant's guilty plea was, in fact, unlawfully induced.