456 A.2d 650

**COMMONWEALTH of Pennsylvania**

**v.**

**Jerry Joseph COFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1982.

Filed Feb. 11, 1983.

Jeffery M. Cook, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, BECK and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Dauphin County imposed upon appellant, Jerry Cofield. The appellant pleaded guilty to robbery [1] and was sentenced to three (3) to ten (10) years imprisonment. No motion to withdraw the guilty plea nor petition to modify sentence was filed.

Appellant raises several claims of ineffectiveness of trial counsel, including; (1) failure to file a motion to dismiss pursuant to Pa.R.Crim.P. 1100, (2) failure to adequately prepare appellant's case, (3) continuing to represent appellant despite a conflict of interest, and (4) failure to file either a motion to withdraw appellant's guilty plea or a petition to modify sentence. In connection with the final claim, appellant asserts that his guilty plea was not voluntary in that it was induced by a promise by defense counsel that appellant would receive a sentence of one and one-half (1½) to five (5) years imprisonment. Since we are without sufficient record to make a determination on this final contention, we shall remand the case for an evidentiary hearing.

The facts relevant to this appeal are as follows: On September 17, 1979, appellant and two other men robbed a convenience store in Harrisburg. One of the robbers was armed, although it is disputed whether appellant or one of the others held the gun. Upon leaving the store, appellant was accidentally shot in the foot. He was apprehended the same day and a criminal complaint was filed charging him with robbery.

1. 18 Pa.C.S.A. § 3701.

Appellant pleaded not guilty and trial was set for February 11, 1980. On February 7, 1980, appellant's court appointed counsel filed a motion for a continuance alleging that he was unable to locate or contact appellant after attempts to ascertain appellant's whereabouts. The appellant failed to appear for trial on February 11, 1980 and a warrant was issued for his arrest. The appellant was eventually arrested on March 3, 1981. Trial was scheduled for March 23, 1981, at which time appellant appeared and entered a plea of guilty after a thorough and extensive colloquy. As previously stated, no motions were filed. This appeal followed.

In *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978),[2] our Supreme Court stated:

Appellant's claims of ineffectiveness must be evaluated in the context of his guilty plea. Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. See *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976).

*Id.* 482 Pa. at 640–641, 394 A.2d at 504–05. See also *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980).

Counsel will be deemed effective if the court determines that the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). However, it is only when the claim is of arguable merit that we must make an inquiry into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

**2.** Certiorari denied 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979).

█ Appellant initially contends that counsel was ineffective in failing to file a motion to dismiss under Pa.R.Crim.P. 1100. Since a Rule 1100 defense, if valid, would certainly affect the voluntariness of appellant's guilty plea, we will address this claim. Appellant was arrested and a criminal complaint was filed on September 17, 1979. He was originally scheduled to commence trial on February 11, 1980, an interval of one hundred forty-seven days. Appellant did not appear for trial and in fact absented himself until March 3, 1981 when he was again apprehended. The appellant's guilty plea was entered on March 23, 1981, twenty days after his capture. Rule 1100(d) requires us to exclude the period attributable to appellant's absence. Therefore, appellant's guilty plea was entered one hundred sixty-seven includable days after the filing of the complaint—well within the parameters of the Rule 1100. Thus we find no merit in this claim.

Appellant also contends that counsel was ineffective in failing to adequately prepare appellant's case. More specifically, he asserts that counsel did not communicate with him until the day of his scheduled court appearance. We assume that appellant's contention is that this circumstance nullified the voluntariness of appellant's plea.

█ The mere fact that counsel had but a short time to confer with a client does not conclusively establish ineffectiveness. The length of time counsel spent conferring with his client is "... but one of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc., to determine whether the course chosen by counsel had any reasonable basis when compared with the alternatives available." *Commonwealth ex rel. Washington v. Maroney, supra,* 427 Pa. at 609, 235 A.2d at 355. Furthermore, appellant must establish prejudice as a result of the shortness of time spent conferring with counsel prior to the entering of a guilty plea. *Commonwealth v. Nero,* 250 Pa.Super. 17, 378 A.2d 430 (1977).

██  Herein, appellant faced a charge of robbery. The Commonwealth had two eyewitnesses ready to testify to the appellant's participation. Appellant was injured by a gun-shot in the robbery. Prior to appellant's first scheduled trial, appellant's counsel attempted to contact appellant, but was unable to do so because appellant had made secret his whereabouts. Upon appellant's recapture, counsel did not confer with appellant until the day of his scheduled court appearance. However, the record does not disclose any apparent defenses which counsel failed to consider, nor does appellant suggest any, save the Rule 1100 claim which we have determined to be without merit. Appellant has failed to establish any prejudice from the short conferral period. Furthermore, in light of the eyewitnesses' testimony we find there was a reasonable basis for counsel's advice to appellant to plead guilty. We find no ineffectiveness.

██  Appellant next contends that counsel was ineffective in that he continued to represent appellant despite a conflict of interest. The alleged conflict was that counsel was convicted of mail fraud several months after appellant's guilty plea. Appellant alleges no further facts, nor develops any further argument to elucidate why this constitutes ineffectiveness. We find this claim to be frivolous and without merit.

██  The final issue before us is whether counsel was ineffective in failing to file a motion to withdraw appellant's guilty plea where appellant alleges the plea was involuntary due to its inducement by defense counsel's guarantee of a less severe penalty. Initially we find that the appellant's challenge to the validity of the guilty plea has not been waived by the failure to challenge it by motion in the lower court. A claim of ineffectiveness is an extraordinary circumstance which prevents waiver of claims. *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976). Here the alleged promise and the failure to file a motion to withdraw are both sufficient allegations of ineffectiveness to prevent waiver.

■ The issue has been dealt with extensively by this court. In *Commonwealth v. Farnwalt,* 286 Pa.Super. 559, 561, 429 A.2d 664, 665 (1981), we said:

In *Commonwealth v. McCall* [267 Pa.Super. 351, 406 A.2d 1077 (1979)], *supra,* the petitioner alleged that his trial counsel promised the petitioner that if he pleaded guilty he would get a sentence of two and one-half to five years, rather than the three to ten year sentence he did receive. In *McCall,* the PCHA hearing court denied the petition at issue without a hearing. This court reversed and remanded for an evidentiary hearing. In our *McCall* opinion, we quoted at length from our earlier opinion in *Commonwealth v. Strader,* 262 Pa.Super. [166] at 174, 396 A.2d [697] at 702, in which we wrote,

The petition alleges, *inter alia* that appellant's plea was unlawfully induced because counsel failed to conduct an appropriate investigation or prepare an adequate defense to the charge of rape, counsel failed to move to suppress an identification procured in a suggestive manner, and counsel persistently advised petitioner that a deal for "3 to 8 was better than 10 to 20" and that he should enter a guilty plea on pragmatic grounds rather than on grounds of innocence or guilty. Upon examination of the record before us, we cannot say that appellant's claims are patently frivolous or without support on the record. Even though the Commonwealth disputes appellant's allegations and even though appellant stated at his guilty plea colloquy that his plea was not induced by anything other than the sentence agreement and that he was satisfied with the representation he received from his counsel, the record does not clearly refute appellant's claim that his plea was unlawfully induced. See *Commonwealth v. Knapp,* 212 Pa.Super. 560, 562, 243 A.2d 179, 180 (1968). Our courts have previously determined that in borderline cases petitioners are to be given "every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing." *Commonwealth v.*

*Nahodil,* 212 Pa.Super. 77, 79, 239 A.2d 840 (1968). See also *Commonwealth v. Laboy,* 460 Pa. 466, 470, 333 A.2d 868, 870 (1975). (footnote omitted). (emphasis added)

As we said in *McCall,* if at the hearing appellant can prove the existence of the alleged guarantee, then his guilty plea would not have been intelligently entered. On the other hand, if at the evidentiary hearing the PCHA court finds that no such guarantee was made by counsel, then appellant's petition should be denied. Accordingly, we reverse and remand for an evidentiary hearing.

See also *Commonwealth v. Henderson,* 298 Pa.Super. 180, 444 A.2d 720 (1982).

We find that the prior decisions of this court require us to remand the case for an evidentiary hearing to determine if any promises or guarantees improperly induced appellant's guilty plea.

Remanded. Jurisdiction is not retained.