470 A.2d 170

**COMMONWEALTH of Pennsylvania**

v.

**Barry Alan PULLING, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 14, 1983.

Filed Dec. 30, 1983.

Terrence P. Cavanaugh, Erie, for appellant.

Michael R. Cauley, First Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

McEWEN, Judge:

This is an appeal from the order of the Common Pleas Court which dismissed without a hearing the petition of appellant under the Post Conviction Hearing Act (PCHA).[1] Since a *pro forma* dismissal of the PCHA petition of appellant was not warranted by the circumstances here presented, we remand for an evidentiary hearing.

Appellant entered pleas of guilty to two counts of burglary[2] and was sentenced to a term of imprisonment of from five and one-half to thirteen years and to a consecutive five year term of probation. Although appellant neither challenged his plea nor took a direct appeal, he did file, on October 26, 1981, a *pro se* PCHA petition. Newly appointed counsel filed an amended PCHA petition alleging that as a result of the ineffective assistance of guilty plea counsel,

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq., repealed, Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1397], as amended, Act of June 26, 1980, P.L. 265, No. 77, § 2, which delayed repeal until June 27, 1981, as further amended by the Act of June 26, 1981, P.L. 123, No. 41, § 1 which delayed repeal until June 26, 1982, repealed, Act of May 13, 1982, P.L. 417, No. 122, § 2, which replaced the prior Act by adding 42 Pa.C.S.A. § 9541 et seq., as suspended by Pa.R.Crim.P., Rule 1507, 42 Pa.C.S.A., insofar as it is inconsistent with the Rules.

2. Appellant was charged in Bill of Information No. 377 of 1980 with burglary, aggravated assault, and criminal attempt and in Criminal Information No. 393 of 1980 with burglary, aggravated assault, terroristic threats and recklessly endangering another person. In return for his pleas of guilty to the burglary charges, the Commonwealth agreed to *nol pros* the other charges.

appellant was unlawfully induced into entering his pleas.[3] The learned hearing judge, for the reasons provided in a very thoughtful and able expression of view, dismissed the petition without oral argument and without a hearing.[4]

 Appellant here reiterates the contention that his plea of guilty was unlawfully induced as a result of the ineffectiveness of prior counsel. He claims that counsel promised him that if he pleaded guilty, he would not be sent to the Western State Penitentiary. Before we consider the merits of this claim however, we must first determine whether it has been waived, since "[a] failure to file a petition to withdraw a guilty plea or to take an appeal constitutes a waiver of any defects in the guilty pleas unless some extraordinary circumstances are shown." *Commonwealth v. Reider*, 267 Pa.Super. 359, 363, 406 A.2d 1081, 1083 (1979). *See also Commonwealth v. Henderson*, 298 Pa.Super. 180, 444 A.2d 720 (1982); *Commonwealth v. Peele*, 291 Pa.Super. 84, 435 A.2d 231 (1981); *Commonwealth v. Farnwalt*, 286 Pa.Super. 559, 429 A.2d 664 (1981); *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979). Since a claim of ineffective assistance of counsel is an extraordinary circumstance which prevents such a waiver, *Commonwealth v. Cofield*, 310 Pa.Super. 356, 456 A.2d 650 (1983); *Commonwealth v. Henderson, supra; Commonwealth v. Reider, supra*, this instant contention has not been waived.[5]

3. The factual basis of this assertion appears in the counseled PCHA petition of appellant which includes an allegation by appellant that "I was told that if I plead guilty, I would not have to serve time in Western State Penitentiary."

4. Following imposition of sentence, appellant was, in fact, incarcerated in the Western State Penitentiary.

5. Appellant also contends in his brief "that the sentencing court did not adequately set forth its reasons for sentence as required by the Pennsylvania Sentencing Code." Appellant was, however, advised prior to sentencing (1) that he had a right to file a motion challenging the validity of his guilty pleas or the legality of sentence; (2) that such motion had to be filed within ten days from the date of sentence; (3) that he had a right to appointed counsel for the purpose of such filing; and (4) that the failure to file a motion would constitute a waiver of

■ The pertinent section of the Post Conviction Hearing Act provides:

[T]he court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of facts when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

19 P.S. § 1180–9 (current version at 42 Pa.C.S.A. § 9549). *See also Commonwealth v. Porter,* 256 Pa.Super. 163, 389 A.2d 651 (1978). An evidentiary hearing should thus be conducted where the record does not clearly refute the claim of an accused that his plea was unlawfully induced. *Commonwealth v. Cofield, supra; Commonwealth v. Rusinko,* 303 Pa.Super. 216, 449 A.2d 656 (1982); *Commonwealth v. Henderson, supra; Commonwealth v. Paige,* 287 Pa.Super. 133, 429 A.2d 1135 (1981); *Commonwealth v. Farnwalt, supra; Commonwealth v. McCall, supra; Commonwealth v. Reider, supra.* "Our courts have previously determined that in borderline cases petitioners are to be given 'every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing.' " *Commonwealth v. Strader,* 262 Pa.Super. 166, 176, 396 A.2d 697, 702 (1978) *quoting Commonwealth v. Nahodil,* 212 Pa.Super. 77, 79, 239 A.2d 840, 840 (1968).

The petition we here study, as earlier noted, was summarily dismissed. While the record of the colloquy prior to sentencing, as well as the "Statement of Understanding of Rights Prior to Guilty Plea" executed by appellant, reveal that appellant indicated that no promises had been made to

the right to appeal. Appellant did not file any motions within the ten day period and has thus waived this contention. *Commonwealth v. Lightly,* 307 Pa.Super. 239, 453 A.2d 14 (1982); *Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (1982). Moreover, this issue has not been preserved since appellant does not argue that extraordinary circumstances, such as ineffective assistance of counsel for failure to challenge the propriety of sentence, exist. *Commonwealth v. Reider, supra; Commonwealth v. Henderson, supra; Commonwealth v. Peele, supra.*

him concerning *what* sentence would be imposed if he pleaded guilty, there is no evidence to refute his claim that prior counsel had promised him *where* the sentence would be served in return for the entry of the pleas. Moreover, the following dialogue at the sentencing proceeding would seem to suggest that appellant may well have believed that he would not serve the sentence in a state institution:

MS. ZACKS–GABRIEL: I would make a brief statement on Mr. Pulling's behalf, your Honor. As is clear, the pre-sentence is rather extensive in this case, very big. One of the things I would like to point out in the pre-sentence is the discussion regarding the mental difficulties of Mr. Pulling. Now, I believe that everybody has gone over the colloquy very well this morning and that there is, hopefully, no question as to Mr. Pulling's understanding of same. However, I think that the Court should consider Mr. Pulling's mental difficulties when imposing sentence. As also indicated in the pre-sentence, your Honor, Mr. Pulling has spent a large majority of his life institutionalized in one setting or another. If the Court decides to send Mr. Pulling to a state institution, I would respectfully request the Court to heed Mr. Amann's statement in the pre-sentence to the difficulties Mr. Pulling had in the institutions before and possibly any recommendation could be attached to the commitment stating that Mr. Pulling would not be institutionalized in Western or Rockview because of his particular difficulties in those institutions, your Honor.

THE COURT: All right.

MS. ZACKS–GABRIEL: His broken home is very obvious in the pre-sentence as is Mr. Pulling's difficulties with education, with employment with all kinds of facets of his life, your Honor. However, he's cooperated fully. I think he is trying his best, and I would respectfully request that the Court possibly consider Mercer as an alternative, although the time certainly won't be as extensive as the District Attorney might request. I think that Mercer might provide a setting whereby Mr. Pulling,

perhaps for the first time, could get some kind of guidance and assistance with the difficulties he faces. That's all, your Honor. Thank you.

THE COURT: Okay, the reasons for the sentences are: I considered the guidelines of sentencing in Pennsylvania, I considered the nature of the crimes which you committed which were somewhat violent in nature, I've considered your prior record, and I've considered the evaluations, especially the mental difficulties you have had, and I believe I am being lenient in these sentences for as you were told, the maximum I could give you would be a $50,000 fine and twenty to forty years in prison, and I am not doing anything of that sort. On 377 of 1980—or 393 of 1980, pay the costs of prosecution, five years probation, to run consecutively to the sentence at 377 of 1980, and I recommend an institution other than Western Penitentiary or Rockview be utilized by the Bureau of Corrections for his incarceration, $300 fine, costs, make restitution in all cases if you have not already done so, undergo imprisonment in the custody of the Bureau of Corrections in the Commonwealth of Pennsylvania. It shall be a minimum of five-and-a-half and the maximum shall be thirteen years. Okay.

MS. ZACKS–GABRIEL: Thank you, your Honor.

THE COURT: And work through the probation where he is sent.

 It is clearly established that the sentencing judge is without authority to direct that a term of imprisonment in excess of two years be served in a specific institution. *Commonwealth ex rel. Black v. Superintendent, State Correctional Institution Graterford,* 293 Pa.Super. 442, 439 A.2d 193 (1981); 42 Pa.C.S.A. § 9762. *See also Commonwealth v. Maute,* 263 Pa.Super. 220, 228, 397 A.2d 826, 830 (1979). Had appellant apprised counsel during their discussion concerning the guilty plea that he would not plead guilty if the sentence was to be served in certain specified institutions, counsel would have been ineffective had he either promised appellant that he would not be

sentenced to those institutions or failed to advise appellant that the court was powerless to insure that the sentence would be served in a specific place of confinement. We are unable to determine whether appellant was induced to plead guilty in either fashion, since there was no hearing upon the petition. We must, therefore, remand to the Common Pleas Court so that an evidentiary hearing may be held to determine (1) whether appellant had instructed counsel that he would not plead guilty if the sentence was to be served in Rockview or Western State Penitentiary, and (2) whether counsel thereupon expressed the claimed promise or failed to advise appellant that the court could not provide any such guarantee. *See Commonwealth v. Cofield, supra; Commonwealth v. Rusinko, supra; Commonwealth v. Peele, supra; Commonwealth v. Farnwalt, supra; Commonwealth v. McCall, supra.*

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.