J-S21037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE LEE HAWK, JR., | |
| Appellant | No. 2780 EDA 2014 |

Appeal from the PCRA Order July 29, 2014
in the Court of Common Pleas of Carbon County
Criminal Division at No.: CP-13-CR-0000300-2010

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED MAY 05, 2015**

Appellant, Bruce Lee Hawk, Jr., appeals from the order of July 29, 2014, which denied, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant claims that he received ineffective assistance of counsel, the evidence was insufficient to sustain his conviction, and his conviction was against the weight of the evidence.  For the reasons discussed below, we affirm the denial of the PCRA petition.

We take the underlying facts in this matter from this Court's May 29, 2013 memorandum on direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

. . . [The victim in this case stated that] on May 6, 2010[,] at approximately 10:00 a.m.[,] he was operating his maroon Volvo station wagon on Delaware Avenue in Palmerton, Pennsylvania when [Appellant], operating a light blue pickup truck in reverse gear, nearly struck [the victim's] automobile. [Appellant] then accelerated his vehicle to drive alongside of [the victim], such that [the victim's] vehicle was "pinned to the curb," while [Appellant] was screaming at [the victim] and threatening physical harm to his person.

[Appellant] then followed [the victim] in his automobile as [the victim] proceeded onto Pennsylvania Route 248, driving approximately two to three feet behind the bumper of [the victim's] vehicle. When [the victim] pulled his vehicle to the side of the road to allow him to pass, [Appellant] stopped his vehicle behind [the victim's] vehicle and approached it, whereupon [the victim] advised [Appellant] to calm down and drive away. [The victim] saw [Appellant] return to and remove something from the back of his truck, then approach the front driver's side of [the victim's] vehicle, still screaming and making threats. [Appellant] then struck the front driver's side window with a metal object, which [the victim] believed to be a pipe, shattering the window, striking [the victim] in the arm and possibly the head and spraying glass fragments onto his arm and face. [The victim] then observed [Appellant] returning to his truck and driving away onto the Bowmanstown exit ramp, making a left-hand turn onto Route 895.

\* \* \*

Pennsylvania State Trooper Anthony Doblovasky testified [that] on May 6, 2010, he was dispatched to the scene of the subject incident on the north shoulder of westbound Route 248. When he arrived at the scene, he observed [the victim] standing next to his vehicle, pulling glass shards off of his person; [Trooper Doblovasky] also observed that [the victim] had sustained injuries and that his vehicle was missing a window. Upon learning that an individual believed to be the man in the blue and white truck who had committed the assault had been apprehended, Trooper Doblovasky led [the victim] to the location where that individual was being held, whereupon [the victim] identified [Appellant] as the man who had committed the assault. [The victim] also identified the blue and white truck as the vehicle which [Appellant] had been operating.

- 2 -

(***Commonwealth v. Hawk***, No. 2295 EDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed May 29, 2013) (citing Trial Court Opinion, 10/29/12, at 7-8, 10) (record citations omitted)).

On May 10, 2012, a jury convicted Appellant of one count each of aggravated assault[1] and simple assault.[2] On July 24, 2012, the trial court sentenced Appellant to a term of incarceration of not less than twenty-three months nor more than sixty months. Appellant filed a timely direct appeal, and this Court affirmed the judgment of sentence on May 29, 2013. (***See Hawk***, ***supra*** at 1). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On September 9, 2013, Appellant, acting *pro se*, filed a timely PCRA petition. The PCRA court appointed counsel on September 26, 2013. On November 1, 2013, counsel filed an amended PCRA petition. The PCRA court held an evidentiary hearing on April 17, 2014. At the hearing, the only witness was Appellant's trial counsel, Eric Dowdle, Esquire.[3] (***See*** N.T. PCRA Hearing, 4/17/14, at 3-15). In pertinent part, trial counsel testified that

_____

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] 18 Pa.C.S.A. § 2701(a)(2).

[3] Attorney Dowdle also represented Appellant on direct appeal. (***See*** N.T. PCRA Hearing, 4/17/14, at 12). For the sake of convenience, we will refer to Attorney Dowdle as trial counsel throughout this memorandum.

Appellant did not request that he file any post-sentence motions challenging the sufficiency and/or the weight of the evidence, and that he did not believe any such motions were meritorious. (*See id.* at 11-14). On July 29, 2014, the PCRA court denied Appellant's PCRA petition.

On August 27, 2014, despite being represented by counsel, Appellant filed a *pro se* notice of appeal.[4] On August 29, 2014, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Thereafter, Appellant filed a *pro se* Rule 1925(b) statement.

On September 17, 2014, PCRA counsel filed a motion to withdraw. However, Appellant and PCRA counsel ultimately reached an agreement for PCRA counsel to continue to represent him; therefore, the PCRA court ultimately denied the motion as moot. On October 23, 2014, the PCRA court filed an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

   A. Whether the Commonwealth's evidence was insufficient to sustain the jury's conviction of [Appellant?]

_____

[4] It settled under Pennsylvania law that there is no right to hybrid representation either at trial or on the appellate level. *See Commonwealth v. Padilla*, 80 A.3d 1238, 1259 (Pa. 2013), *cert. denied*, 134 S. Ct. 2725 (2014). When a defendant who is represented by counsel files a *pro se* motion, brief, or petition, the court should file it and forward the document to counsel. *See id.* at 1258.

B. Whether [Appellant's] conviction was against the weight of the evidence[?]

C. Whether [Appellant] was prejudiced by trial counsel's failure to preserve the issues of the weight of the evidence and sufficiency of the evidence for consideration in [Appellant's] direct appeal[?]

(Appellant's Brief, at 9).

Appellant appeals from the denial of his PCRA petition. Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). Moreover, to be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

In his first and second claims, Appellant alleges that the evidence was insufficient to sustain the verdict and that the verdict was against the weight of the evidence. (*See* Appellant's Brief, at 14-20). However, Appellant

cannot properly raise these claims in a PCRA petition. Appellant could have raised his sufficiency of the evidence claim on direct appeal but did not do so. (*See Hawk*, *supra* at 1-4). Therefore, Appellant waived the claim. *See* 42 Pa.C.S.A. § 9544(b). Appellant did raise his weight of the evidence claim on direct appeal.[5] (*See Hawk*, *supra* at 3). Thus, Appellant cannot raise this claim in a PCRA petition because he previously litigated it. *See* 42 Pa.C.S.A. § 9543(a)(3). Accordingly, we find that the PCRA court properly disposed of Appellant's first two claims.

In his final issue, Appellant maintains that trial counsel was ineffective for not filing post-sentence motions preserving his sufficiency and weight of the evidence claims for purposes of appeal. (*See* Appellant's Brief, at 20-21). Appellant further claims that trial counsel was ineffective for not raising a sufficiency of the evidence claim on direct appeal and raising an unpreserved weight of the evidence claim. (*See id.* at 22-23).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*,

_____

[5] On direct appeal, this Court found Appellant had waived his weight of the evidence claim because he did not raise it in his Rule 1925(b) statement and because he did not file a post-sentence motion challenging the weight of the evidence. (*See Hawk*, *supra* at 4).

815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See **Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds,* ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See **Jones***, ***supra*** at 611.

In regard to claims raised in PCRA petitions that appellate counsel was ineffective for failing to raise certain claims on appeal, this Court, relying on both Pennsylvania and United States Supreme Court decisions, has reiterated that neither the Pennsylvania nor the United States Constitutions requires appellate counsel "to raise and to argue all colorable, nonfrivolous issues" that a criminal defendant wishes to raise on appeal. ***Commonwealth v. Showers***, 782 A.2d 1010, 1015 (Pa. Super. 2001), *appeal denied*, 814 A.2d 677 (Pa. 2002) (citing ***Jones v. Barnes***, 463 U.S. 745 (1983) for proposition that expert appellate advocacy consists of removal of weaker issues and focus on few strong issues; and citing ***Commonwealth v. Yocham***, 375 A.2d 325 (Pa. 1977), and ***Commonwealth Laboy***, 333 A.2d 868, 870 (Pa. 1975), in support of same view). In ***Showers***, we further stated:

Effective assistance of counsel on appeal is informed by the exercise of the expertise with which counsel is presumably imbued. It is the obligation of appellate counsel to present issues which, in counsel's professional judgment, "go for the jugular" and do not get lost in a mound of other colorable, nonfrivolous issues which are of lesser merit. Any evaluation of the effectiveness of appellate counsel must strike a balance between the duty to exercise professional judgment to limit the number of issues presented and the duty not to fail to litigate a substantial matter of arguable merit that presents a reasonable probability that a different outcome would have occurred had it been raised by prior counsel. It is the circumstances of the particular case which must guide a court in determining whether the truth-determining process was so undermined by the alleged ineffectiveness that no reliable adjudication of guilt or innocence could have taken place.

*Id.* at 1016-17 (citations omitted). With this standard in mind, we now address the specifics of Appellant's claims.

Appellant claims that trial counsel was ineffective for failing to file a post-trial motion challenging the sufficiency of the evidence, thus preserving the issue for appeal and for failing to challenge the sufficiency of the evidence on direct appeal. (*See* Appellant's Brief, at 20-23). We disagree.

Initially, we note that it is settled law that a defendant is not required to file a post-trial motion in order to preserve a sufficiency of the evidence claim for purposes of appeal. *See Commonwealth v. Orellana*, 86 A.3d 877, 879 (Pa. Super. 2014) (observing counsel is not required to file motion to preserve sufficiency of evidence claim for appeal); *see also* Pa.R.Crim.P. 606(A)(7). Thus, Appellant's claim that trial counsel was ineffective for failing to file a post-sentence motion preserving his sufficiency of the evidence claim lacks merit.

- 8 -

Appellant also claims that trial counsel was ineffective for failing to raise a sufficiency of the evidence claim on direct appeal. (**See** Appellant's Brief, at 22). Appellant does not challenge his conviction for simple assault but argues that the evidence was insufficient to sustain his conviction for aggravated assault because the Commonwealth failed to produce the weapon used in the assault and none of the witnesses "identified or described with particularity any actual, alleged deadly weapon[.]" (Appellant's Brief, at 14).

At the PCRA evidentiary hearing, trial counsel testified that an argument regarding the existence of the weapon "was not going anywhere" because of trial testimony that Appellant used a metal object during the incident. (N.T. PCRA Hearing, 4/17/14, at 10). We agree.

In order to sustain a conviction for aggravated assault with a deadly weapon, the Commonwealth must prove that the defendant "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to another with a deadly weapon[.]" 18 Pa.C.S.A. § 2702(a)(4). The Crimes Code defines a deadly weapon, in pertinent part, as ". . . any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S.A. § 2301.

Here, at trial, the victim testified that Appellant struck his vehicle with a metal object, possibly a metal pipe, with sufficient force to shatter the

driver's side window. (**See** N.T. Trial, 5/09/12, at 34-35). Two witnesses, both strangers to the victim, testified that they were driving by and observed Appellant shatter the driver's side window with a metal object; one believed it was a tire iron and the other that it was a crowbar. (**See id.** at 117, 123). Because of the attack, glass lodged in the victim's eye and the metal bar struck the victim's arm and possibly his head. (**See id.** at 34-35). We conclude that this evidence was sufficient to sustain a conviction for aggravated assault.[6] **See Commonwealth v. Aycock**, 470 A.2d 130, 132 (Pa. Super. 1983) (evidence sufficient to sustain conviction for aggravated assault where defendant attacked victim with piece of channel steel, causing cuts to his head). Thus, because there is no merit to Appellant's claim that the evidence was insufficient to sustain the conviction for aggravated assault, the PCRA court's holding that there was no arguable merit to Appellant's claim that trial counsel was ineffective for failing to raise the issue on appeal is both supported by the record and free from legal error.

---

[6] Appellant's reliance on **Commonwealth v. Robinson**, 721 A.2d 344, 351 (Pa. 1988), *cert. denied*, 528 U.S. 1082 (2000), is entirely misplaced. (**See** Appellant's Brief, at 15). The issue in **Robinson** was not the sufficiency of the evidence underlying an aggravated assault conviction. **See Robinson**, **supra** at 348. Rather, one of the issues was whether, in a case where the Commonwealth had not found the murder weapon, the trial court erred in admitting photographs of the defendant holding a gun that could not be the murder weapon. **See id.** at 351. Further, while holding that the admission of the photograph was error, our Supreme Court found it to be harmless because of other evidence, including eyewitness testimony that the defendant used a weapon. **See id.** at 351-52.

*See Pierce*, *supra* at 213; *Carter*, *supra* at 682; *Showers*, *supra* at 1016-17.

Lastly, Appellant claims that trial counsel was ineffective for failing to file a post-trial motion challenging the weight of evidence and for raising an unpreserved weight of the evidence claim on direct appeal. (*See* Appellant's Brief, at 21-23). We disagree.

Here, at the evidentiary hearing, trial counsel testified that Appellant did not request that he file a post-sentence motion challenging the weight of the evidence and that he believed that a weight of the evidence motion was unlikely to succeed because of the "brutally difficult" standard. (N.T. PCRA Hearing, 4/17/14, at 12; *see also id.* at 12-14). Trial counsel acknowledged that he raised a weight of the evidence claim on direct appeal, but only because he "like[d]" and "wanted to try to help" Appellant and his family, but told them in advance that he did not believe the appeal would be successful. (*Id.* at 12). For the reasons discussed below, we find that Appellant has not shown that either a post-trial motion challenging the weight of the evidence or a properly preserved weight of the evidence claim would have changed the result in this matter.

As trial counsel correctly noted, the scope and standard of review for a weight of the evidence claim both at the trial court level and on appeal is exceedingly stringent. *See Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (delineating limited standard of review at

both trial court and on direct appeal); *see also Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008), *cert. denied*, 556 U.S. 1106 (2009) (citation omitted) ("[T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.").

In its PCRA opinion, the PCRA court, which was also the trial court, held that Appellant had not shown that there was any merit to his weight of evidence claim. (**See** PCRA Court Opinion, 10/23/14, at 4-5). The PCRA court noted the consistent testimony of the witnesses that Appellant attacked the victim's car with a metal object and that the attack injured the victim. (**See id.** at 5-6). Thus, Appellant has not shown that but for counsel's failure to file a post-trial motion, the result would have been different. **See Pierce**, **supra** at 213.

Further, even if Appellant had properly preserved the claim, he has not shown that there was any likelihood for the claim to succeed on direct appeal. As discussed above, the evidence against Appellant was strong, and there would have been no basis to substitute our judgment for the finder of fact or hold that the trial court palpably abused its discretion in denying a weight of the evidence claim. Thus, Appellant has not demonstrated that but for trial counsel's failure to preserve his weight of the evidence claim, the result of his direct appeal would have been different. Accordingly, the PCRA court's holding that there was no arguable merit to Appellant's claim

that trial counsel was ineffective for failing to raise the issue in a post-trial motion and properly preserve it for appeal is both supported by the record and free from legal error. **See Pierce**, **supra** at 213; **Carter**, **supra** at 682; **Showers**, **supra** at 1016-17. Appellant's third issue is meritless.

Accordingly, for the reasons discussed above, we affirm the denial of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2015