J-S25004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ENRIQUE HENRIQUEZ-BARCLAY | : | |
| | : | |
| Appellant | : | No. 1935 MDA 2019 |

Appeal from the PCRA Order Entered December 8, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002750-2015

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 16, 2020**

Enrique Henriquez-Barclay appeals *nunc pro tunc* from the order, entered in the Court of Common Pleas of Luzerne County, denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons set forth below, we affirm.

The PCRA court summarized the relevant procedural history as follows:

On October 2, 2015, the Luzerne County District Attorney filed an information charging [Henriquez-Barclay] with involuntary deviate sexual intercourse, two counts of indecent assault[,] and corruption of minors.  [Henriquez-Barclay] [entered a hybrid negotiated] guilty [plea[1]] on December 4, 2015[,] to involuntary deviate sexual intercourse.  On March 22, 2016, [Henriquez-

---

[1] Henriquez-Barclay's plea was open with respect to the length of sentence, and negotiated as to the charges filed against him.  *See* N.T. Guilty Plea Hearing, 12/4/15, at 2 ("[Commonwealth Attorney:]  [] This is a negotiated guilty plea in which [Henriquez-Barclay] has agreed to plead guilty as follows:  Count one, felony one, involuntary deviate sexual intercourse with a child.  Carries a maximum penalty of [twenty] years.  . . .  The parties have not made any agreement as to sentencing. . . .").

Barclay] was sentenced to ten to twenty years[' imprisonment] in a state correctional facility. This sentence was within the standard range of the sentencing guidelines.

[Henriquez-Barclay] filed a post-sentence motion on March 31, 2016[,] which was denied. Although no appeal was filed, [Henriquez-Barclay] did file a motion for post[-]conviction collateral relief [*pro se* on January 3, 2017, wherein he] claimed counsel's ineffectiveness due to an alleged misunderstanding with regard to his potential minimum sentence.

PCRA Court Opinion, 12/8/17, at [1-2]. The court appointed counsel, and, on December 4, 2017, conducted a hearing on Henriquez-Barclay's petition. Subsequently, the PCRA court dismissed the petition, and Henriquez-Barclay did not appeal.

On June 14, 2019, Henriquez-Barclay filed a second PCRA petition alleging ineffectiveness of counsel for failing to file a collateral appeal following the PCRA court's denial of his first petition. The court then appointed counsel. On November 12, 2019, the PCRA court conducted a hearing, granted the petition and reinstated Henriquez-Barclay's collateral appellate rights. Henriquez-Barclay then filed a notice of appeal to this Court. The court then appointed new conflict counsel for purposes of the appeal.

On appeal, Henriquez-Barclay presents the following issue for our review: "Whether trial counsel was ineffective in causing [Henriquez-Barclay] to make an involuntary guilty plea." Appellant's Brief, at 1. Specifically, Henriquez-Barclay claims that "trial counsel led [him] to plead guilty without making [him] aware of the [ten-]year minimum sentence[;] [Henriquez-Barclay] [] believed that [five] years was the minimum he could receive and[,]

on that basis, [] pled guilty." *Id.* at 6. He further notes that different attorneys represented him throughout the pre-trial process and that he had no interpreter during meetings with his attorney. *Id.* Finally, Henriquez-Barclay claims that "trial counsel made a guarantee that he would receive a minimum [five-]year sentence and he pled guilty based on that summation." *Id.* Restated, Henriquez-Barclay claims that his attorney led him to believe that he would receive, at most, five years as the minimum term of his sentence.[2] As noted above, the court sentenced Henriquez-Barclay to a minimum of ten years' incarceration.

_____

[2] "Pennsylvania is an indeterminate sentencing state; indeterminate sentencing [] is defined as: 'a system by which[:] (A) the court may impose a sentence of a range defined by statute; and (B) an administrative agency, generally, a parole board, or the court, controls release within the statutory range. . . .'" *Commonwealth v. Boyer*, 856 A.2d 149, 152-53 (Pa. Super. 2004). "Pennsylvania's procedure of indeterminate sentencing carries with it an implicit adoption of the philosophy of individual sentencing." *Commonwealth v. Martin*, 351 A.2d 650, 656 (Pa. 1976).

At the guilty plea hearing, the court informed Henriquez-Barclay that it could impose up to the statutory maximum sentence. Specifically, the court stated, "I also want to let you know that I'm not bound by any agreement you might have with the Commonwealth regarding a sentence in this case. I could impose the statutory maximum. I'm not saying I will, but I could. Do you understand that?" N.T. Guilty Plea Hearing, 12/4/15, at 5. Henriquez-Barclay answered, via the interpreter, in the affirmative. *Id.* "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Here, Henriquez-Barclay's statements at his guilty plea hearing supersede any allegedly contradictory statements made by his attorney at the pre-trial meetings.

Our standard of review for the denial of a PCRA petition is well-settled:

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. We will not disturb the findings of the PCRA court unless there is no support for those findings in the record.

In reviewing ineffective assistance of counsel claims, we presume counsel is effective. To overcome this presumption, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. A claim will be denied if the petitioner fails to meet any one of these prongs.

A criminal defendant's right to effective counsel extends to the plea process, as well as during trial. Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Brown*, 3490 EDA 2018 (Pa. Super. filed July 14, 2020)

(quoting *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149-50 (Pa.

Super. 2019) (internal citations, quotation marks, and brackets omitted).

Henriquez-Barclay cites to our Supreme Court's decision in

*Commonwealth v. Persinger*, 615 A.2d 1305 (Pa. 1992), and our decision

in *Commonwealth v. McCall*, 406 A.2d 1077 (Pa. Super. 1979), to support

his claim that he is entitled to withdraw his plea and proceed to trial. Henriquez-Barclay argues that "if a defendant justifiably relied upon counsel's advice that his maximum sentence would be less than he actually received, he may be allowed to withdraw his plea," and that "this scenario is present here[.]" Appellant's Brief, at 6-7. We disagree with Henriquez-Barclay that this scenario is present here.

In **Persinger**, our Supreme Court held that counsel was ineffective for failing to file a motion to withdraw the defendant's guilty plea where the defendant's plea colloquy was deficient. In that case, the Court noted that the defendant was entitled to know the **maximum** possible sentence he faced. **See id.**, **supra** at 1309. Because the defendant was not informed that the consequences of his plea included the possibility of consecutive sentences,[3] the Court found that the defendant's plea colloquy was deficient. **Id.**

In **McCall**, this Court remanded for an evidentiary hearing where the defendant's PCRA petition alleged that his trial counsel promised a sentence of two-and-a-half-to-five years rather than the three–to-ten year sentence he actually received. We instructed that, on remand, if the defendant proved counsel's alleged promise to be true, his guilty plea would not have been entered intelligently; thus, withdrawal of his guilty plea would be permitted. **See id.**, **supra** at 1078-79.

---

[3] Consecutive sentences, by their nature, extend a defendant's maximum sentence.

After our review of the record, the parties' briefs, and the applicable caselaw, we disagree with Henriquez-Barclay that he is entitled to withdraw his guilty plea. Neither **Persinger** nor **McCall** is applicable to the instant matter. **Persinger** is inapposite because Henriquez-Barclay was fully aware that the maximum sentence he could receive was twenty years.[4] We find **McCall** equally inapplicable to Henriquez-Barclay's case. In **McCall**, we remanded for an evidentiary hearing because the PCRA court denied the appellant's petition without ever conducting a hearing. **McCall**, **supra** at 1078. Here, Henriquez-Barclay was granted a hearing and has already presented this argument to the PCRA court. When given the chance to prove that trial counsel promised him a different sentence at the PCRA hearing, Henriquez-Barclay testified as follows:

Q. And could you please briefly tell [the] judge [] why it is that you believe that you were only looking at a minimum of [five] years rather than [ten] years minimum?

A. At the time when this happened I was housed at the county prison. My attorney came to see me. I met her at the interview

_____

[4] We note that, at the plea hearing, Henriquez-Barclay agreed that he understood the terms of his plea agreement, as they were read into the record by the Commonwealth attorney. **See** N.T. Guilty Plea Hearing, 12/4/15, at 2-3. The terms to which Henriquez-Barclay agreed specifically included that the maximum sentence he could receive was twenty years. **Id.** at 2. Additionally, as noted in footnote 2 above, the court informed Henriquez-Barclay that it could sentence him to the statutory maximum. **Id.** at 5. Moreover, the written plea agreement, which Henriquez-Barclay signed, states "Twenty (20) YRS." under the heading "Max. Time[.]" Guilty Plea Agreement, 12/4/15, at 2.

room. And I was surprised it wasn't the same female attorney that had been handling my case prior to this. But this time there was another female attorney and she said I will represent you from now on. And she indicated that she had reviewed my case, she had looked at everything in my file, and she came to the conclusion that I would be looking at a minimum of five years. I understood it was a minimum because of the actions I had taken. I could not imagine that she was talking about a maximum, I understood it was a minimum. And it was very difficult to understand all of this because at the time there was no interpreter that was present at this interview.[5] And that's pretty much what I understood at that point.

N.T. PCRA Hearing, 12/4/17, at 3-4. Henriquez-Barclay did not elaborate on this claim when given the chance:

Q. Did you have any meetings with your attorney [] after your plea and [before] the sentencing?

A. To be honest with you, I really couldn't pinpoint exactly when it was that I met up with my attorney Nicole Thompson [Lermitte, Esq.]. I don't recall if it was before or after. I really do not remember.

Q. Is there anything else you would like the court to know about your PCRA that you think is important?

A. Not really. Not something that legally will help me in any matter, no.

*Id.* at 4.

Here, we find that the PCRA court did not err in declining to grant relief. Under the ineffective assistance of counsel test, as set forth above, Henriquez-Barclay has failed to adequately prove prejudice. **See Brown**, **supra**.

_____

[5] We note that Henriquez-Barclay had an interpreter present for both his guilty plea hearing and sentencing hearing. Moreover, at the sentencing hearing, Henriquez-Barclay, at one point, addressed the court without the aid of the interpreter for an extended exchange. **See** N.T. Sentencing Hearing, 3/22/16, at 6-8.

Specifically, Henriquez-Barclay has failed to show that there is a reasonable probability that he would not have pled guilty in the absence of his attorney's alleged inducement to do so. **Id.** We note that Henriquez-Barclay clearly benefitted from entering his guilty plea because the Commonwealth withdrew several other charges that were originally filed against him. Additionally, throughout the PCRA proceedings, Henriquez-Barclay never claimed that he did not commit the crime underlying his conviction. **Cf. McCall**, **supra** at 1078 (appellant maintained innocence throughout PCRA proceedings and claimed he was induced to "enter a guilty plea on pragmatic grounds rather than on grounds of innocence or guilt").

Regarding the validity of a guilty plea, it is well-established that it must be voluntary, knowing, and intelligent. **Commonwealth v. Hart**, 174 A.3d 660, 667 (Pa. Super. 2017). In **Hart**, we explained these requirements further:

> To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:
>
> > (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
> >
> > (2) Is there a factual basis for the plea?
> >
> > (3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) **Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged**?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment []. In [**Commonwealth v.**] **Yeomans**, [24 A.3d 1044 (Pa. Super. 2011),] this Court explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that **the defendant understood what the plea connoted and its consequences**. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

[**Id.**] at 1047 [] (citing **Commonwealth v. Fluharty**, [] 632 A.2d 312, 314-15 (Pa. Super. 1993)).

**Hart**, **supra** at 667-68 (emphasis added and in original; footnote omitted).

Here, upon review of Henriquez-Barclay's guilty plea transcript, we find that the trial court conducted the appropriate inquiry pursuant to Rule 590 and its comment by asking all six of the enumerated questions.[6] **See** N.T. Guilty Plea Hearing, 12/4/15, at 3-6; Pa.R.Crim.P. 590. Under the totality of

_____

[6] The court inquired as to question 1, **see** N.T. Guilty Plea Hearing, 12/4/15, at 3; question 2, **id.** at 6; question 3, **id.** at 4-5; question 4, which the court clarified at Henriquez-Barclay's request, **id.** at 4; question 5, **id.** at 5; and question 6, **id.**

the circumstances, Henriquez-Barclay understood what his plea connoted and what consequences could result. **See Hart**, **supra**. Our review of the record reveals that Henriquez-Barclay's guilty plea was entered voluntarily, knowingly, and intelligently. **Id.** Therefore, the PCRA court did not err in declining to grant relief. **See Brown**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/16/2020