J-S22045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE HART | : | |
| | : | |
| Appellant | : | No. 2394 EDA 2021 |

Appeal from the PCRA Order Entered October 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013669-2013

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 28, 2022**

Willie Hart ("Hart") appeals from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously summarized the factual history of Hart's convictions, and a full recitation of those facts is unnecessary to our disposition. ***See Commonwealth v. Hart,*** 160 A.3d 265, 2017 WL 361666, at *1 (Pa. Super. 2017) (unpublished memorandum) ("***Hart I***"); ***Commonwealth v. Hart***, 216 A.3d 351, 2019 WL 1500128, at *1 (Pa. Super. 2019) (unpublished memorandum) ("***Hart II***").  Briefly, Hart began sexually assaulting his biological daughter ("the victim") after she left her husband and moved in with Hart.  On October 11, 2013, Hart and the victim got into an argument during which Hart physically assaulted her.  The victim managed to call 911, and police responded to the scene and arrested Hart.  The victim told

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

a responding detective that she was tired of Hart raping her. She later gave a formal statement to the police and underwent a sexual assault nursing assessment. The Commonwealth charged Hart with, *inter alia*, rape, sexual assault, incest, indecent exposure, indecent assault, and simple assault.

Hart proceeded to a non-jury trial, and the trial court found him guilty of the above-mentioned charges.[2] The trial court sentenced him to an aggregate term of thirty to sixty years of imprisonment and found him to be a sexually violent predator ("SVP"). This Court affirmed the convictions,[3] but vacated the judgment of sentence and remanded for resentencing without consideration of mandatory minimum sentences. *See Hart I*, 2017 WL 361666 at *7. Following remand, the trial court imposed a new sentence of fourteen to twenty-eight years of imprisonment in September 2017 and again found Hart to be an SVP. In the ensuing direct appeal, Hart's counsel filed a Pa.R.A.P. 1925(c)(4) statement, but then filed an advocate's brief contesting Hart's SVP designation. This Court vacated the SVP designation on April 4, 2019, and remanded the case for the trial court to inform Hart of his revised

---

[2] We note that although the non-jury trial started on August 28, 2014, the second day of trial did not take place until May 19, 2015. Holly Dobroksy, Esquire ("trial counsel"), represented Hart through pretrial motions, trial, and sentencing.

[3] Specifically, this Court rejected Hart's claims that the evidence was insufficient to find him guilty of rape by forcible compulsion, that the verdicts were against the weight of the evidence, that the trial court erred in allowing John Fisher to testify as to the victim's prompt complaints about being raped. *See Hart I*, 2017 WL 361666 at *2-6. Peter Erdely, Esquire ("direct appeal counsel"), represented Hart in the first direct appeal, at resentencing, and in the second direct appeal.

registration requirements. *See Hart II*, 2019 WL 1500128, at *2. No party

sought allowance of appeal in our Supreme Court. On October 1, 2019, the

trial court issued a "re-sentencing order" indicating that its September 2017

sentence was to stand except for the portion designating Hart as an SVP.

Hart filed a *pro se* PCRA petition on October 14, 2020. The PCRA court

appointed counsel, who filed an amended petition asserting that Hart's petition

was timely filed from the October 1, 2019 "re-sentencing order,"[4] Hart's trial

and direct appeal counsel were ineffective, and other constitutional violations

occurred which affected the outcome of the trial. The Commonwealth filed a

response. The PCRA court issued a notice of its intent to dismiss the petition

_____

[4] Although not discussed further by the parties, we agree that Hart's *pro se*
PCRA petition was timely filed within one year of the date that the October 1,
2019 "re-sentencing order" became final. Relevantly, section 9545 states that
a PCRA petition must be filed within one year of the date the judgment
becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence
"becomes final at the conclusion of direct review, including discretionary
review in the Supreme Court of the United States and the Supreme Court of
Pennsylvania, or at the expiration of time for seeking the review." *Id*.
§ 9545(b)(3). At the time of this Court's decision in *Hart II* and the trial
court's "re-sentencing order," the prevailing case law held that SVP
designations, as well as sexual offender registration requirements, were parts
of the judgment of sentence. *See Commonwealth v. Butler*, 173 A.3d
1212, 1218 (Pa. Super. 2017) (holding that an SVP determination violated
federal and state constitutions by increasing a criminal penalty without
necessary findings of fact beyond a reasonable doubt), *rev'd*, 226 A.3d 972
(Pa. 2020) (holding that the registration, notification, and counseling
requirements applicable to SVPs do not constitute criminal punishments).
Therefore, we conclude that Hart's judgment of sentence became final on
October 31, 2019, upon the expiration of the time to appeal the trial court's
October 1, 2019 "re-sentencing" order advising him of his revised registration
requirements.

as meritless. *See* Pa.R.Crim.P. 907(1). Hart did not respond, and the PCRA court dismissed his petition on October 29, 2021. Hart timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Hart raises the following issues for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to meet with [Hart] and prepare a defense, investigate and present defense witnesses, file appropriate pretrial motions, and protect [Hart's] constitutional rights.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that appellate counsel was ineffective for failing to raise and preserve [Hart's] requested claims on appeal, thereby constituting a complete foreclosure of appellate review.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Hart's] constitutional rights; including prosecutorial misconduct based on the Commonwealth's presentation of perjured testimony and failure to disclose exculpatory evidence, as well as the right to effective representation at trial and on appeal.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Hart's Brief at 9.

As a preliminary matter, we comment on the quality of Hart's brief in this appeal. It is well settled that "mere issue spotting" without relevant analysis precludes meaningful appellate review. *In re S.T.S., Jr.*, 76 A.3d 24, 42 (Pa. Super. 2013). "This Court is neither obliged, nor even particularly equipped, to develop an argument for a party." *Id*. (internal citations omitted). Similarly, this Court will not scour the record to find evidence to

support an argument, and we will find an underdeveloped argument waived.

*See Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 884-85 (Pa. Super. 2019). Although Hart's brief before this Court fails to provide even a single citation to the record and largely fails to provide any factual background to his issues and claims, we will address each of his issues, claims, and arguments to the extent possible.

Hart, in his first issue, asserts that the PCRA court erred in dismissing his claims of ineffective assistance by trial counsel. Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Additionally, when a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from the ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or

- 5 -

innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). The petitioner must also demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Hart argues that he pleaded meritorious claims that trial counsel failed to: (1) meet with him before trial; (2) interview witnesses; (3) call defense witnesses; (4) file pretrial motions, including a motion to quash and a motion *in limine* to admit reports that there was no forensic evidence linking Hart to a sexual assault; (5) seek recusal of the trial judge; (6) cross-examine the Commonwealth's witnesses; and (7) impeach the victim using *crimen falsi*. *See* Hart's Brief at 15-16. Hart adds that trial counsel's inactions resulted in cumulative prejudice. *See id*. at 17-18. He concludes that the PCRA court should not have dismissed his amended petition. We address these claims *seriatim*.

As to Hart's claim that trial counsel failed to meet with him before trial, the PCRA court observed that Hart, during the jury waiver colloquy, stated that he met with trial counsel before trial, was satisfied with her

representation, and did not need to consult with her again before trial. *See* PCRA Court Opinion, 1/28/22, at 6. The PCRA court concluded that Hart's on-the-record statements contradicted his claim that trial counsel did not meet with him before trial. *See id*. The record supports the PCRA court's findings. *See* N.T., 8/28/14, at 9, 12, 17 (indicating that trial counsel had explained to Hart a jury waiver form, as well as the nature of the charges against him before trial, and that Hart was satisfied with trial counsel and did not want to meet with her privately before the commencement of trial). Hart does not respond to the PCRA court's reasoning, nor has he demonstrated any error in the PCRA court's conclusions. Therefore, we affirm the dismissal of this claim.

Regarding Hart's claims that trial counsel failed to investigate or call witnesses, the PCRA court noted that Hart failed to attach to his amended petition certifications for the proposed witnesses pursuant to 42 Pa.C.S.A. § 9545(d). *See* PCRA Court Opinion, 1/28/22, at 6-7. The PCRA court concluded that it lacked any basis to consider whether the witnesses existed, were willing and available to testify, or that the absence of their testimony prejudiced Hart. *See id*. We discern no error with the PCRA court's conclusion. *See Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014) (setting forth the certification requirements of section 9545(d) and noting that claims regarding the failure to call witnesses require, *inter alia*, that the witnesses be available and willing testify for the defense and the absence of the witnesses' testimony was prejudicial). We add that in Hart's amended

- 7 -

PCRA petition and his brief in this appeal, Hart named three witnesses but did not allege their availability and willingness to testify; nor has Hart even attempted to summarize the witnesses' proposed testimony. His bare assertions that trial counsel failed to investigate or call these witnesses, therefore, did not plead a proper PCRA claim and do not develop an appellate argument to disturb the PCRA court's ruling. Thus, no relief is due.

As to Hart's claim that trial counsel was ineffective for failing to file pretrial motions to quash and to admit the results of forensic testing, the PCRA court noted that trial counsel had filed a pretrial motion to quash and entered into a stipulation concerning the absence of forensic evidence linking Hart to sexual crimes against the victim. **See** PCRA Court Opinion, 1/28/22, at 7. The record supports the PCRA court's findings. **See** N.T., 5/19/15, at 53 (indicating stipulation that a vaginal swab revealed no sperm or "P30"); Omnibus Pretrial Motion, 3/7/14, at 3-4 (indicating that trial counsel sought to quash the bills of information, dismiss the charges for lack of probable cause, and dismiss the complaint pursuant to Pa.R.Crim.P. 600). Accordingly, we affirm the dismissal of this claim.[5]

---

[5] We acknowledge Hart's assertion that trial counsel ignored his *pro se* motion to quash. **See** Hart's Brief at 16. Hart appears to refer to his hybrid *pro se* motion seeking relief based on Rule 600. **See** *Pro Se* Motion to Quash, 5/6/15, at 1-3 (unnumbered); **see also Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (noting that hybrid representation is not permitted, and, therefore, while represented by counsel, "*pro se* motions have no legal effect and . . . are legal nullities") (internal citations omitted). However, Hart has made no effort to demonstrate how such a motion had arguable merit or
*(Footnote Continued Next Page)*

Concerning Hart's claim that trial counsel failed to seek the trial judge's recusal, he contends that the trial judge had heard about his prior conviction for sexual offenses during a pretrial hearing. The PCRA court rejected this claim explaining that Hart failed to identify where in the record the trial court had learned of Hart's prior convictions before trial. **See** PCRA Court Opinion, 1/28/22, at 8. The PCRA court also determined that Hart had "made an informed decision to waive a jury and be tried by [the presiding judge]." **Id**.

Hart's assertion that the trial court could not have impartially considered the trial evidence after learning about his prior conviction for a sexual offense fails to develop a meaningful appellate claim. As noted by the PCRA court, Hart fails to substantiate his assertion that the trial court learned about his prior convictions before trial with a citation to the record. Hart does not argue that the PCRA judge, who also presided at trial, abused her discretion or erred when dismissing his claim that trial counsel was ineffective for failing to seek recusal. Hart instead presents this Court with the same conclusory statements he raised in the PCRA court. We conclude that the absence of any focused appellate arguments hinders proper appellate review, and we find this claim waived.[6] **See Pi Delta Psi**, 211 A.3d at 884-85.

_____

how trial counsel's failure to file a similar motion resulted in prejudice where, as here, the criminal complaint against him had been filed in October 2013, and his trial commenced in August 2014, less than one year later.

[6] Although not discussed by the parties or the PCRA court, we acknowledge that the sentencing record establishes that Hart had been previously convicted
*(Footnote Continued Next Page)*

As to Hart's claims that trial counsel failed to cross-examine witnesses and impeach the victim using *crimen falsi*, the PCRA court noted that the record showed trial counsel extensively cross-examined the Commonwealth's witness. **See** PCRA Court Opinion, 1/28/22, at 8. The PCRA court also determined that Hart failed to articulate what *crimen falsi* could have been introduced to impeach the victim's credibility. **See id**. We conclude that the absence of any citation to the record or other facts to support Hart's boilerplate claims impede meaningful appellate review.[7] Thus, we find these claims waived. **See Pi Delta Psi**, 211 A.3d at 884-85.

Hart also sets forth a claim of cumulative prejudice resulting from trial counsel's ineffectiveness. However, for the reasons stated above, Hart has failed to demonstrate any arguable merit to his claims that trial counsel was ineffective. Accordingly, his cumulative prejudice claim must fail. **See Commonwealth v. Reid**, 259 A.3d 395, 420 (Pa. 2021) (noting that "no

---

of rape in the 1960s and of committing offenses against the victim's mother in the 1970s. **See** N.T., 1/8/16, at 8-10. Given the boilerplate nature of Hart's claim, we can only assume that Hart believes information about these prior convictions had been disclosed before trial when the trial court denied a Rule 600 motion and a Commonwealth motion to revoke bail in July 2014. However, there is no transcript of a hearing on those motions, and the record contains no references to Hart's prior convictions before his trial.

[7] Indeed, without any information concerning the victim's alleged conviction or when it occurred, it is impossible for a court to determine whether the victim's crime constituted a *crimen falsi* and whether evidence of a *crimen falsi* would have been admissible at trial. **See** Pa.R.E. 609(a)-(b). Thus, Hart failed to provide a basis to address whether his claim of trial counsel's ineffectiveness had arguable merit.

- 10 -

number of claims which fail on their merits may collectively warrant relief")

(internal citation omitted).

Hart, in his second issue, challenges the PCRA court's dismissal of his

ineffective assistance of counsel claims against direct appeal counsel. Our

courts recognize that

> [c]laims involving appellate counsel ineffectiveness . . . involve concerns unique to appellate practice. Arguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief. Appellate counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. This process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.

*See Commonwealth v. Lambert*, 797 A.2d 232, 244 (Pa. 2001) (internal

citations, quotation marks, brackets, ellipses, and footnote omitted).

Under limited circumstances, a PCRA petitioner may claim that appellate

counsel's ineffectiveness was so egregious as to constructively deny him the

right to appellate counsel. *See Commonwealth v. Rosado*, 150 A.3d 425,

430 (Pa. 2016). "[E]rrors which *completely* foreclose appellate review

amount to a constructive denial of counsel and thus ineffective assistance of

counsel *per se* . . . ." *Id*. at 433 (emphasis in original). However, errors that

"only *partially* foreclose such review are subject to the ordinary . . .

framework" of assessing appellate counsel's alleged ineffectiveness pursuant

to the three-pronged ineffective assistance test. *Id*. (emphasis in original).

Hart argues that direct appeal counsel was ineffective because he ignored Hart's request to raise "various constitutional violations that occurred during trial."[8] Hart's Brief at 19. Hart refers to direct appeal counsel's inaction in his direct appeal in **Hart I**, following his initial conviction, and in **Hart II**, following the trial court's resentencing proceedings, and he contends that counsel's performance amounted to the ineffective assistance of counsel *per se* or a "complete default of the direct appeal as requested by the client." **Id**. at 20 (internal citation and quotation marks omitted). He concludes that he is entitled to a reinstatement of his direct appeal rights.

Neither the record nor the law support Hart's claim that direct appeal counsel was ineffective *per se*.[9] In **Hart I**, this Court considered and rejected Hart's challenges to his convictions and expressly affirmed Hart's convictions although the Court remanded for resentencing. **See Hart I**, 2017 WL 361666, at *2-*7. Direct appeal counsel's decision to forgo raising Hart's requested "constitutional violations," therefore, did not completely foreclose this Court's direct review of Hart's convictions but winnowed the claims raised on appeal.

---

[8] Hart does not identify what constitutional violations he is referring to in his second issue on appeal. As discussed below, Hart lists certain constitutional claims in support of his third issue. At no point in either his second or third issues, however, does Hart assess direct appeal counsel's performance in terms of the three-pronged test for ineffective assistance of counsel.

[9] The PCRA court explained that it dismissed this issue because direct appeal counsel's filing of a Pa.R.A.P. 1925(c)(4) statement of his intent to file did not result in prejudice. **See** PCRA Court Opinion, 1/28/22, at 11. This Court may affirm the PCRA court's ruling on any basis apparent in the record. **See Ford**, 44 A.3d at 1194.

- 12 -

*See Rosado*, 150 A.3d at 433; *Lambert*, 797 A.2d at 244. Additionally, because Hart's intended challenges to his convictions would not have been cognizable in the appeal following our remand for resentencing, Hart has no basis to assert that direct appeal counsel was ineffective in *Hart II* for failing to pursue the alleged "constitutional violations" that occurred at trial. *See Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017) (noting that direct appeal challenges related to the guilt phase of a trial should have been raised in the appellant's first appeal and could not be raised in the appellant's second appeal following a remand for resentencing). Thus, Hart's claim that direct appeal counsel was ineffective *per se* is frivolous.

Hart, in his third issue, alleges that the following constitutional violations deprived him of a fair trial: (1) the prosecutor's prejudicial remarks at a pretrial hearing; (2) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) the Commonwealth's knowing and intentional use of perjured testimony; and (4) the failure to prove each element of the crimes beyond a reasonable doubt. Hart's claims are waived because they could have been raised in Hart's direct appeal following his convictions,[10] and Hart neither pleaded nor argued on appeal a three-pronged analysis of direct appeal counsel's ineffectiveness

_____

[10] Aside from citing *Brady*, Hart did not state when he discovered the alleged exculpatory information that had been withheld by the Commonwealth. However, since he argues that he requested that direct appeal counsel raise his constitutional issues, we conclude Hart had any pertinent information for a *Brady* claim before his first direct appeal.

- 13 -

for failing to raise these claims.[11] *See Commonwealth v. Bracey*, 795 A.2d 935, 940 & n.4 (2001) (noting that claims that could have been raised in a direct appeal are waived under the PCRA); *see also* 42 Pa.C.S.A. § 9544(b) (stating that an "an issue is waived if the petitioner could have raised it but failed to do so . . . on appeal . . ..").  As to Hart's claim that the Commonwealth failed to establish the elements of the crimes beyond a reasonable doubt, we add that Hart previously litigated a challenge to the sufficiency of the evidence in *Hart I*.  *See* 42 Pa.C.S.A. § 9544(a) (stating that "an issue has been previously litigated if . . .  the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"); *see also Hart I*, 2017 WL 361666, at *2-*3 (rejecting Hart's claim that the evidence was insufficient to convict him of rape).

In his fourth issue, Hart asserts that he is entitled to an evidentiary hearing.  We review a PCRA court's decision to dismiss a petition without a hearing under an abuse of discretion standard.  *See Commonwealth v. Brown*, 196 A.3d 130, 192-93 (Pa. 2018) (internal citation omitted).  A PCRA petitioner has "no absolute right to an evidentiary hearing on a . . . petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (internal citation omitted); *see*

---

[11] Even if Hart had pleaded distinct issues of appellate counsel's ineffectiveness for failing to raise these constitutional claims, his pleadings and appellate arguments are too conclusory to assess whether his claims had any merit.

*also* Pa.R.Crim.P. 907(1). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (internal citation and quotation marks omitted).

Hart contends that he raised "significant claims of trial and [direct appeal] counsel[s'] ineffectiveness, as well as violations of his constitutional rights at trial" and his claims were "based on fact and supported by legal precedent." Hart's Brief at 24. He argues that the PCRA court erred by failing to afford his claims "every conceivable legitimate benefit" when refusing to hold an evidentiary hearing. *Id*. (quoting *Commonwealth v. Pulling*, 470 A.2d 170 (Pa. Super. 1983)).[12]

We have reviewed Hart's amended PCRA petition, the entire record, his arguments on appeal, and the PCRA court's opinion. For the reasons set forth above, our review compels us to conclude that Hart's conclusory assertions concerning trial and direct appeal counsels' ineffectiveness and other constitutional violations at trial failed to raise any genuine issues of material

---

[12] We note that Hart's reliance on the "every conceivable legitimate benefit" phrase is somewhat misplaced as it derives from case law applying the hearing requirements of the predecessor statute to the PCRA and not Rule 907(1), the latter of which requires an appellant to show that he raised a genuine issue of fact. *See Maddrey*, 205 A.3d at 328.

fact merting a hearing. Accordingly, we will not disturb the PCRA court's decision to dismiss the petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022